United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30655
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MARK MARTRELL JACKSON,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:04-CR-119-2
---------------------

Before REAVLEY, JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

    Mark Martrell Jackson pleaded guilty without a plea
agreement to one count of conspiracy to possess with intent to
distribute cocaine base and two counts of distribution of cocaine
base and was sentenced to 324 months of imprisonment on all three
counts to run concurrently and five years and four years of
supervised release to run concurrently.  Jackson appeals, arguing
that his sentence, imposed after the Supreme Court's decision in
United States v. Booker, 543 U.S. 220 (2005), grossly overstates

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the severity of his conduct to the exclusion of the other sentencing factors to be considered in 18 U.S.C. § 3553(a) and is unreasonable.

After Booker, appellate courts ordinarily will review sentences for reasonableness. Booker, 543 U.S. at 261-63; United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). Under the discretionary sentencing system established by Booker, district courts retain the duty to consider the Guidelines along with the sentencing factors set forth in 18 U.S.C. § 3553(a). Id. at 518-19. This requires the court to calculate the applicable guidelines range, and "[i]f the sentencing judge exercises her discretion to impose a sentence within a properly calculated Guideline range, in our reasonableness review we will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines." Id. at 519. In such cases, "it will be rare for a reviewing court to say such a sentence is 'unreasonable.'" Id. Thus, Mares indicates that, in the wake of Booker, district courts are to continue to calculate a guidelines range, albeit an advisory one. "[A] sentence within a properly calculated Guideline range is presumptively reasonable." United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

The sentencing judge recounted Jackson's pattern of crime, jail, parole, and further crime, considered the provisions of 18 U.S.C. § 3553, considered Jackson's drinking and drug use,

considered the need to protect the public and send a message to others who might want to deal drugs, and concluded that a sentence at the upper end of the guidelines was needed to prevent Jackson from committing further crimes and to protect the public. Jackson makes no argument that the guidelines sentencing range was not properly calculated. The district court judge properly took into consideration the appropriate factors, and thus Jackson has failed to demonstrate that his guideline sentence was unreasonable. Alonzo, 435 F.3d at 553-55.

AFFIRMED.