United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 10, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10596
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR REYES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-329-5
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Victor Reyes appeals from a guilty-plea conviction for one count of conspiracy to distribute and possession with intent to distribute marijuana in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A)(viii).

Reyes argues that the district court committed clear error in assigning a two-level increase pursuant to U.S.S.G. § 2D1.1(b)(1)

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for possession of weapons in connection with a drug trafficking crime. We review the district court's factual findings for clear error. United States v. Villanueva, 408 F.3d 193, 203 & n.9 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005).

The district court's application of the § 2D1.1(b)(1) increase was not clearly erroneous. The record reflects that there was a temporal and spatial relationship between the weapons recovered from Reyes's home, the drugs recovered from his attached garage, and Reyes himself. See United States v. Jacquinot, 258 F.3d 423, 431 (5th Cir. 2001); United States v. Navarro, 169 F.3d 228, 230, 235 (5th Cir. 1999).

Reyes next argues that his sentence was unreasonable because the district court failed to consider the factors outlined in 18 U.S.C. § 3553(a). The record reflects that the district court stated that it chose to sentence Reyes within the guidelines range although it understood the guidelines to be advisory. The judgment further reflects that the § 3553(a) factors were considered and such an inference can be drawn by the district court's sentence within the applicable guidelines range. See United States v. Mares, 402 F.3d 511, 519 (5th Cir)., cert. denied, 126 S. Ct. 43 (2005). Accordingly, the district court's sentence was reasonable. See United States v. Alonzo, 435 F.3d 551, 554-55 (5th Cir. 2006).

Finally, Reyes argues that the district court's sentence violated the Fifth and Sixth Amendments due to the court's failure to consider the guidelines advisory in practice. He also contends

that the court failed to afford him an opportunity to offer evidence on the weapons increase before rendering its ruling on his objection. Because Reyes raises these arguments for the first time on appeal, they are reviewed for plain error only. See Mares, 402 F.3d at 520.

The inference exists from the court's statements at sentencing and the written judgment that the sentence, which was within the guidelines range, was reasonable and that the court considered the § 3553(a) factors. See Mares, 402 F.3d at 519. The record reflects that the district court considered Reyes's objections to the presentence report concerning the weapons increase at sentencing. Reyes fails to identify what new evidence he intended to introduce relative to the increase. Accordingly, he cannot establish plain error. See Mares, 402 F.3d at 520.

AFFIRMED.