United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 15, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-60395
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE W. HOOD, JR.,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 3:04-CR-56-1
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant George W. Hood, Jr. was convicted after a jury trial of mail fraud (counts 1-10), securities fraud (counts 11-14), conspiracy to commit money laundering (count 15), and money laundering (counts 16-18, 31-34). He was sentenced to 60 months of imprisonment on counts 11 through 14 and 70 months of imprisonment on each of the remaining counts, all of which were to run concurrently; three years of supervised release on each count, to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

run concurrently; $2.45 million in restitution; and a $2,200 special assessment.

On appeal, Hood contends that the evidence was insufficient to show either that he had the requisite intent to commit any of the offenses or that, in the case of the conspiracy count, he agreed with others to defraud investors. When the evidence is viewed in the light most favorable to the jury's verdict, it is sufficient to support Hood's convictions on all counts. See United States v. Resio-Trejo, 45 F.3d 907, 910 (5th Cir. 1995).

Hood also asserts that the district court erred in sentencing him by improperly calculating (1) the number of victims when it increased his offense level pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i) (2) the loss amount when it increased his offense level by 16 levels pursuant to § 2B1.1(b)(1)(I). The court did not clearly err in determining the loss amounts, because Hood reasonably should have foreseen that the assessed losses involving more than 10 victims would occur. See U.S.S.G. § 2B1.1, comment. (n.2(A)); United States v. Deavours, 219 F.3d 400, 402 (5th Cir. 2000).

Hood additionally maintains that the district court failed to consider the 18 U.S.C. § 3553(a) factors when determining his term of imprisonment. Hood contends that the district court failed adequately to consider (1) the disparity of his and his co-conspirator's sentences, (2) his good reputation in the community, (3) the effect of the length of his sentence on his ability to pay

$2.45 million in restitution, (4) the fact that he did not gain exorbitant profits, (5) his lack of criminal history and his good character, (6) the unlikelihood that he would commit criminal offenses in the future, and (7) the fact that he was not a danger to society.

As Hood's sentence is within —— or, in the case of counts 11 through 14, which had a statutory maximum sentence of 60 months of imprisonment, below —— a properly calculated guideline range of 70 to 87 months of imprisonment, we infer that the district court considered all of the factors for a fair sentence set forth in the Guidelines. See United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). "[A] sentence within a properly calculated Guideline range is presumptively reasonable." United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). Hood has failed to demonstrate that his properly calculated guidelines sentence was unreasonable. See id.; Mares, 402 F.3d at 519.

AFFIRMED.