**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 17, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30918
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEE E. UNDERWOOD, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
(3:04-CR-30059-1)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Lee E. Underwood, Jr., appeals his sentence following his guilty plea to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a) and 846. Underwood contends that the district court erroneously determined his offense level by applying a preponderance of the evidence standard and by placing the burden on him to refute factual allegations in the presentence report (PSR).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As Underwood was sentenced after the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the district court was entitled to find by a preponderance of the evidence all facts necessary to calculate the guideline range. United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). Further, Underwood bore the burden of proving that the court should not rely on the PSR. United States v. Betancourt, 422 F.3d 240, 248 (5th Cir. 2005); United States v. Parker, 133 F.3d 322, 329 (5th Cir. 1998). In the absence of persuasive rebuttal evidence, the district court was permitted to rely on facts in the PSR. See United States v. Caldwell, 448 F.3d 287, 290 (5th Cir. 2006).

Underwood also contends that statements in the PSR violated Crawford v. Washington, 541 U.S. 36 (2004), which involved a defendant's right under the Confrontation Clause during his criminal trial. Underwood's Crawford-based arguments is unavailing: There is no Confrontation Clause right at sentencing and nothing in Crawford indicates that it is applicable to sentencing proceedings. See United States v. Navarro, 169 F.3d 228, 236 (5th Cir. 1999).

Underwood asserts further advances that the district court erroneously applied sentencing enhancements based on drug quantity, possession of a firearm, and role as a leader or organizer in the offense. He insists that a videotape recording of his statements made to investigators shows that the PSR contained inaccurate

2

information with respect to these enhancements. We conclude, however, that Underwood has failed to show that the district court's sentence enhancements were clearly erroneous. <u>See Caldwell</u>, 448 F.3d at 290; <u>see</u> <u>also</u> <u>United States v. Washington</u>, 44 F.3d 1271, 1281 (5th Cir. 1995).

Finally, Underwood advances that the district court ignored the sentencing disparity between his sentence and the sentence of his drug supplier in a related case, thereby violating the principles of 18 U.S.C. § 3553(a)(6). We note that the district court explained Underwood's sentence in light of the higher drug quantity attributed to him and his leadership role and greater criminal history. Underwood has not overcome the presumption of reasonableness afforded to his sentence. <u>See</u> <u>United States v. Alonzo</u>, 435 F.3d 551, 554 (5th Cir. 2006).

AFFIRMED.