United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 5, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 05-20262
Summary Calendar

---

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

TUY VAN NGUYEN,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. 4:04-CR-181-3
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Tuy Nguyen appeals the sentences imposed following the entry
of his guilty plea to conspiracy to possess with intent to distrib-
ute methylenedioxymethamphetamine ("MDMA") (count one), aiding and
abetting possession with intent to distribute MDMA (count four),
and possession of a firearm in furtherance of a drug trafficking
crime (count five).  Nguyen was sentenced to concurrent 57-month

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

terms of imprisonment as to counts one and four and to a consecutive 60-month term for count five.  He was also sentenced to concurrent five-year periods of supervised release for each count.  He contends that the sentences are unreasonable because the district court declined to depart downward based on cultural assimilation.

Nguyen does not challenge the calculation of the advisory guideline range.  The district court considered the sentencing guidelines, along with the sentencing factors set forth in 18 U.S.C. § 3553(a), and determined that sentences at the low end of the guidelines range were appropriate.  Nguyen's sentences within the properly calculated guidelines range are presumptively reasonable, and he has failed to demonstrate that his sentences are unreasonable.  See United States v. Alonzo, 435 F.3d 551, 554-55 (5th Cir. 2006).  Nothing in the record indicates that the district court based its decision not to depart downwardly on an erroneous belief that it lacked authority to depart.  See United States v. Landerman, 167 F.3d 895, 899 (5th Cir. 1999).

AFFIRMED.