# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2007

Charles R. Fulbruge III
Clerk

No. 06-41602
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BERNARDO SANCHEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-576-3

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Bernardo Florentino Sanchez appeals the sentence following his guilty-plea conviction for a 2006 charge of possession with intent to distribute over 1,000 kilograms of marijuana.[1]  He argues that his 220-month guideline

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Sanchez was indicted on three charges in separate proceedings in 2003 and 2006: possession with intent to distribute in excess of 100 kilograms of marijuana, possession with intent to distribute in excess of 1,000 kilograms of marijuana, and failure to appear. The district court considered all three of these charges during sentencing and set a base offense level of 32 based on the total

sentence, to run concurrently with another 220-month sentence for possession with intent to distribute over 100 kilograms of marijuana, violates United States v. Booker, 543 U.S. 220 (2005), and is unreasonable because it "reflects the mechanical application of the guideline which placed . . . [his] guidelines range at an extremely high level" by adding the quantities of marijuana from two separate indictments. This court may presume, consistent with Booker, that a sentence within a properly calculated advisory guideline range is reasonable. See Rita v. United States, 127 S. Ct. 2456, 2462 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). The record reflects that the district court considered Sanchez's arguments, the recommendation of the presentence report, the applicable guideline range, and the factors set forth in 18 U.S.C. § 3553(a).[2] Because the district court exercised its "discretion to impose a sentence within a properly calculated Guideline range," Alonzo, 435 F.3d at 554, the sentence is presumptively reasonable, and we may infer that the district court considered all of the factors for a fair sentence set forth in the Guidelines. See id.; Rita, 127 S. Ct. at 2462-70; United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005).

---

quantity of marijuana involved in the charges (1,438.49 kilograms). The district court, based on the recommendation of the presentence report, assessed a total offense level of 37 following enhancements for commission of a second drug offense after bring released for an earlier drug offense and for obstruction of justice. Sanchez appealed his sentence for the over 100-kilogram charge (5:03CR00264-001) and the over 1,000-kilogram charge (5:06CR00576-003).

[2] The district judge discussed, among other factors, how Sanchez had committed "two very serious offenses related to drugs, and then of course we also have the failure to appear"; how "when the defendant absconds, as [Sanchez] did in this case, it brings [the] whole system to a stop and there is no justice . . . ."; how "when you look at the overall picture, it is a serious offense"; and how "some of the other considerations that the court has to take into account have to do with . . . deterrence . . . [and when others] continue to engage in the same conduct as you have . . . they end up getting a sentence for the two cases that basically is the same as they would have gotten for just one case . . . in that situation there is really no incentive to stop from engaging in that kind of behavior . . . ."

Sanchez also argues that his sentence is unreasonable because the district court failed to properly assess the factors set forth in § 3553(a), stating that "the court gave no indication that any of the § 3553(a) factors – other than the advisory guidelines – particularly influenced its selection of sentence." There is nothing to indicate that the district court failed to consider these factors. The court explicitly discussed deterrence; the seriousness of the offenses and the circumstances in which they were committed; and the court's discretion to sentence Sanchez to a shorter term.[3] The judgment of the district court is AFFIRMED.

---

[3] See supra note 2. The court also stated: "I recognize that I have discretion to sentence you to something less than [the sentencing range that we have arrived at here] . . . And I do recognize that considering that before these offenses were committed, that you didn't have a prior criminal history . . . But here we have you engaging in this type of criminal conduct when you know that you have a pending criminal case for the exact same type of conduct."