# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2007

Charles R. Fulbruge III
Clerk

No. 06-41417
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CAROLINA SOLANO-BRISENO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-560

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Carolina Solano-Briseno appeals her sentence for transporting illegal aliens for private financial gain. Solano-Briseno concedes that the district court imposed a sentence within a properly calculated Sentencing Guidelines range, but she argues that the sentence was an unreasonable sentence considering the sentencing factors in 18 U.S.C. § 3553(a). When the district court imposes a sentence within a properly calculated guideline range and gives proper weight to the Guidelines and § 3553 factors, this court "will give great deference to that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence" and "will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines." United States v. Mares, 402 F.3d 511, 519-20 (5th Cir. 2005). A discretionary sentence imposed within a properly calculated guideline range is presumptively reasonable. United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); Rita v. United States, 127 S.Ct. 2456, 2466-68 (2007).

On appeal, Solano-Briseno argues that the nature and circumstances of the offense, the seriousness of the offense, the need to promote respect for the law, the need to protect the public from harm, the need to provide her with education or training, and the need to avoid sentencing disparity all weigh in favor of a lesser sentence. Solano-Briseno raised these issues at sentencing and the district court engaged in a thorough discussion of the reasons for the sentence. Although Solano-Briseno has put forward cogent arguments to support her weighing of the § 3553 factors, she has not shown that the district court's weighing of the § 3553 factors was not proper and resulted in an unreasonable sentence. See Mares, 402 F.3d at 519-20. Solano-Briseno's sentence is AFFIRMED.