# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2007

Charles R. Fulbruge III
Clerk

No. 07-10326
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

V.

ERNESTO MEDRANO, also known as Big Ed

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-75-18

Before JOLLY, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ernesto Medrano appeals the sentence imposed following his conviction for violating 18 U.S.C. § 846 by conspiring to distribute and possess with intent to distribute more than five kilograms of cocaine. We affirm.

Medrano contends that the district court infringed his Sixth Amendment rights and erred by sentencing him based on its own factual findings. He also challenges the presumption of reasonableness that attaches to a within-guidelines sentence. We have previously recognized "that a sntence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

within a properly calculated Guideline range is presumptively reasonable." United States v. Alonzo, 435 F.3d 551, 553 (5th Cir. 2006). Recently, the Supreme Court has indicated its agreement that when reviewing a sentence within the Guidelines range, an appellate court may "apply a presumption of reasonableness." United States v. Gall, 2007 WL 4292116, at *7 (U.S. Dec. 10, 2007) (citing Rita v. United States, 127 S. Ct. 2456, 2462 (2007)). Medrano's challenge to the presumption fails.

Medrano also contends that the district court erred in finding that he had exercised a leadership role in a criminal activity. We conclude that the record supports the enhancement of Medrano's sentence under U.S.S.G. § 3B1.1(c) for enlisting and arranging for another participant to undertake specific activity to accomplish delivery of an illegal substance or to facilitate receipt of payment, by Medrano or his designee, for such a substance. By causing or attempting to cause another to take criminal action, Medrano went beyond his self-styled role as a mere messenger; he exerted influence over another participant. "When the evidence demonstrates that a defendant directed another in his drug trafficking activities . . . , sentence enhancement under § 3B1.1(c) is appropriate." United States v. Turner, 319 F.3d 716, 725 (5th Cir. 2003); § 3B1.1, comment. (n.2).

We also reject Medrano's contention that his criminal history was improperly calculated because the district court considered prior sentences to have arisen in cases that were not related to each other. Separate docket numbers were used in the pertinent cases, and Medrano presented no evidence that a formal order of consolidation was entered in any of them. See United States v. Kates, 174 F.3d 580, 584 (5th Cir. 1999) (two offenses involving delivery of cocaine to undercover agents that occurred one week apart were not related when no formal consolidation order was issued, even though defendant was sentenced by same judge on same date for each offense and sentences were concurrent). Consequently, the district court did not err by rejecting Medrano's

contentions concerning the relatedness of his convictions for the purpose of calculating his criminal history.

Additionally, we find no error in the district court's calculation of drug quantity. As Medrano acknowledged in the district court, his base offense level remains the same no matter whether the quantity of drugs he conspired to possess was that contained in the probation officer's account or that contained in his own.

The judgment of the district court is AFFIRMED.