# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 9, 2008

Charles R. Fulbruge III
Clerk

No. 07-51088
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LUIS FERNANDO AGUIRRE

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-551-1

Before KING, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Luis Fernando Aguirre appeals his 96-month sentence following his guilty plea conviction for bank robbery in violation of 18 U.S.C. § 2113(a).  Aguirre argues that his sentence, which is within a properly-calculated advisory guideline range, is unreasonable because the district court erred in applying a three-level enhancement required by U.S.S.G. § 2B3.1(b)(2)(E).  Aguirre asserts that the application of § 2B3.1(b)(2)(E) overstates the seriousness of the offense

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and represents an "unsound judgment" that results in an "unwarrantedly harsh sentence for the unarmed offender."

After entering the bank and approaching the teller window, Aguirre handed the teller a note stating that he had a gun. During the course of the bank robbery, Aguirre kept one hand under his shirt and gestured to the teller as if he had a gun. He verbally told the teller that he had a gun and would use it. In response to these threats, the teller removed cash from her drawer and gave it to Aguirre.

There is no evidence that the district court committed a significant procedural error at sentencing. See Gall v. United States, 128 S. Ct. 586, 597 (2007). Moreover, where the district court imposes a sentence within a properly calculated guideline range, the sentence is entitled to a rebuttable presumption of reasonableness. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); see also Rita v. United States, 127 S. Ct. 2456, 2462 (2007). Aguirre has failed to demonstrate that his sentence is unreasonable. See Gall, 128 S. Ct. at 597; see also United States v. Souther, 221 F.3d 626, 629 (4th Cir. 2000) ("We agree with the Third and Eleventh Circuits that a concealed hand may serve as an object that appears to be a dangerous weapon."). Accordingly, the judgment of the district court is AFFIRMED.