# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-41102
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE TRINIDAD COLIN-FAJARDO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CR-258-ALL

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

José Trinidad Colin-Fajardo appeals the 35-month sentence imposed following his plea of guilty to unlawful reentry in violation of 8 U.S.C. § 1326. We conclude that the district court committed no procedural error in determining the proper guidelines range and affirm.

Under the bifurcated process we employ to review the reasonableness of a sentence, we look first to whether the district court committed procedural error; if not, we then determine whether the sentence is substantively

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonable. See Gall v. United States, 128 S. Ct. 586, 597 (2007). Colin-Fajardo had a prior conviction in North Carolina for possession of methamphetamine with intent to sell or deliver. The district court characterized this crime as a felony drug trafficking offense and imposed a 12-level enhancement under U.S.S.G. § 2L1.2(b)(1)(B). Colin-Fajardo contends that the enhancement constitutes reversible procedural error.

Pursuant to North Carolina's sentencing scheme, Colin-Fajardo's offense was a Class H offense. The top of the minimum sentencing range for a Class H offense is 25 months. N.C. GEN. STAT. § 15A-1340.17(c). The corresponding maximum sentence is 30 months. N.C. GEN. STAT. § 15A-1340.17(d). However, based on his Prior Record Level II and the absence of aggravating factors, Colin-Fajardo's presumptive minimum sentencing range was 6 to 8 months, with a corresponding maximum sentence of 10 months. Thus, Colin-Fajardo asserts that his offense was not a felony because it was not punishable by a term of imprisonment of more than one year.

We disagree. A Class H offense is an "offense punishable by imprisonment for a term exceeding one year." U.S.S.G. § 2L1.2, comment. (n.2). The focus of the inquiry is on whether the offense carries a potential sentence of more than one year, rather than on whether an individual defendant convicted of that offense meets the criteria for a sentence of more than one year. See United States v. Harp, 406 F.3d 242, 245 (4th Cir. 2005); see also United States v. Caicedo-Cuero, 312 F.3d 697, 699 (5th Cir. 2002).

Although Colin-Fajardo argues that in light of Blakely v. Washington, 542 U.S. 296 (2004), a North Carolina judge may not increase a sentence beyond the presumptive range based on aggravating factors not found by a jury or admitted by the defendant, the fact remains that a Class H offense carries a potential sentence of more than one year in prison. Further, the North Carolina sentencing grid provides sentences greater than one year for defendants who

have higher prior record levels, without aggravating factors that must be found by a jury.

Because the range was properly calculated, and because the sentence was within the guidelines range, the sentence is presumed reasonable. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); see also Gall, 128 S. Ct. at 597. We see no reason to disturb the district court's sentencing discretion in this case. We do not reach whether the district court's imposition of the same sentence on alternative grounds renders any error in the guidelines calculation harmless.

The judgment of the district court is AFFIRMED.