**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**January 9, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-20130

UNITED STATES of AMERICA,

Plaintiff-Appellee,

v.

AURELIO ALONZO, Jr.,

Defendant-Appellant.

Appeal from the United States District Court for the
Southern District of Texas

Before REAVLEY, GARZA, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge.

The defendant-appellant Aurelio Alonzo, Jr. ("Alonzo") appeals his post-*Booker*[1] Guidelines

sentence, arguing that the district court's use of his relevant conduct to calculate his base offense level

violates the Sixth Amendment.  Alonzo also argues that his Guidelines sentence is unreasonable

because it was calculated based solely upon his relevant conduct without respect to the conduct

---

[1] *United States v. Booker*, 125 S. Ct. 738 (2005).

underlying his offense of conviction. Finding no error, we affirm.

Alonzo was charged in three counts of a thirteen-count superceding indictment that alleged a large drug-trafficking conspiracy involving twenty codefendants. Alonzo pleaded guilty to count twelve, which charged him with aiding and abetting the possession with intent to distribute fifty-three kilograms of marijuana on June 1, 2003, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. At his plea hearing, Alonzo admitted the conduct underlying this count.

The Presentence Report (PSR) determined his base offense level to be twenty-four pursuant to U.S.S.G. § 2D1.1(c)(8), finding that he was responsible for eighty-eight kilograms of marijuana that had been seized on May 14, 2003. After receiving certain reductions and a § 5K1.1 downward departure, his total offense level was seventeen. With a criminal history score of I, his Guideline range was twenty-four to thirty months of imprisonment.

Alonzo objected, arguing it was error to hold him responsible for the eighty-eight kilograms of marijuana seized May 14, 2003, because he had pleaded only to possessing fifty-three kilograms of marijuana on June 1, 2003. The dist rict court overruled his objections, adopted the PSR, and denied his motion to withdraw his plea. The court sentenced him at the lowest end of the range and stated that it had "considered the Guidelines" and found that "the sentence within those Guidelines is consistent and takes into account the purposes of 18, United States Code, Section 3553(a)." Alonzo was sentenced to 24 months imprisonment and a three-year term of supervised release. Alonzo now appeals.

I. Sixth Amendment Challenge

Alonzo argues that because his sentence was based entirely on relevant conduct that was not

proven beyond a reasonable doubt or admitted by him, it violates the Sixth Amendment as interpreted by the Supreme Court in *United States v. Booker*, 125 S. Ct. 738 (2005). However, at sentencing for the instant conviction, Alonzo did admit to the court his involvement in the May 14, 2003, delivery and seizure of eighty-eight kilograms of marijuana, the relevant conduct at issue. Under these circumstances, even if Alonzo had been sentenced under the mandatory regime, there would not have been a Sixth Amendment violation. See *Booker*, 125 S.Ct. at 756 ("Any fact . . . which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict *must be admitted by the defendant* or proved to a jury beyond a reasonable doubt.") (emphasis added).

Moreover, regardless of whether Alonzo admitted his involvement in the relevant conduct, he was sentenced after the Supreme Court decided *Booker* and therefore sentenced under a discretionary regime. Contrary to Alonzo's argument, "*Booker* contemplates that, with the mandatory use of the Guidelines excised, the Sixth Amendment will not impede a sentencing judge from finding all facts relevant to sentencing." *United States v. Mares*, 402 F.3d 511, 519 (5th Cir.), *cert. denied*, 126 S.Ct. 43 ( 2005) (citing *Booker,* 125 S.Ct. at 750, 764); *see also United States v. Malveaux,* 411 F.3d 558, 560 n.9 (5th Cir. 2005) (recognizing that it is a direct contradiction of *Mares* to contend that "*Booker* prohibits a judge from finding any facts used to enhance a sentence" ). It is apparent that facts relevant to sentencing include relevant conduct under U.S.S.G. § 1B1.3. *See United States v. Duncan*, 400 F.3d 1297, 1305 (11th Cir. 2005) (holding that *Booker* allows a sentence to be calculated based upon relevant conduct of which the defendant was acquitted).[2] Because the district court

---

[2] *See also United States v. Pontier,* 2005 WL 3105648 (4th Cir. Nov. 21, 2005) (unpublished) (holding that the district court did not err by using the amount of drugs reasonably attributable to the defendant to calculate the post-*Booker* sentencing range); *see also United States v. Wroblewski*, 2005 WL 3287501 (5th Cir. Dec. 2, 2005)

properly included Alonzo's relevant conduct in determining the Guideline range, Alonzo has not shown a Sixth Amendment violation.

## II. Reasonableness of Post-*Booker* Guidelines Sentence

Alonzo's reasonableness challenge to his post- *Booker* Guidelines sentence is also based upon the district court's use of his relevant conduct to calculate his Guideline range. Specifically, Alonzo contends that his guidelines sentence is unreasonable "due to the fact that he was sentenced not for what he pled guilty to, but solely for relevant conduct."

In *Mares,* this Court recognized that "[t]he Guideline range should be determined in the same manner as before *Booker/Fanfan.*" 402 F.3d at 519. As previously set forth, *Booker* contemplates that a sentencing judge will determine facts relevant to sentencing, including relevant conduct. This is Alonzo's sole basis for arguing that his sentence is unreasonable. Alonzo has failed to argue, much less demonstrate ,that his sentence was improperly calculated under the Guidelines. "If the sentencing judge exercises her discretion to impose a sentence within a properly calculated Guideline range, in our reasonableness review we will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines." *Mares,* 402 F.3d at 519. Here, we need not make such an inference because the district court explicitly stated that it had considered the Guidelines and the factors in 18 U.S.C. § 3553(a), and the sentence reflects as much.

"Given the deference due the sentencing judge's discretion under the *Booker/Fanfan* regime, it will be rare for a reviewing court to say such a sentence is 'unreasonable.'" *Id.* Furthermore, when

---

(unpublished) (explaining that, although the pre-*Booker* sentence must be remanded because the government conceded the error was not harmless, for purposes of remand it was not clear error to use the defendant's prior drug trafficking as relevant conduct).

4

a sentencing judge imposes a properly calculated Guidelines sentence, "we will give great deference to that sentence." *Id.* at 520. The Third, Seventh, and Eighth Circuits have determined that properly calculated sentences are entitled to a rebuttable presumption of reasonableness. *United States v. Gonzalez,* 134 Fed.Appx. 595 (3rd Cir. June 20, 2005) (unpublished); *United States v. Mykytiuk,* 415 F.3d 606, 608 (7th Cir. 2005); *United States v. Lincoln,* 413 F.3d 716, 717-18 (8th Cir. 2005); *see also United States v. Washington,* 404 F.3d 834, 850 (4th Cir. 2005) (Luttig, J., dissenting) (opining that because the sentence is in accordance with the Guidelines it is presumptively reasonable).[3] Similarly, the Eleventh Circuit has opined that "ordinarily we would expect a sentence within the Guidelines range to be reasonable." *United States v. Talley,* __ F.3d __, 2005 WL 3235409 (11th Cir. Dec. 2, 2005). However, in a summary order, the Second Circuit has expressly declined to afford a presumption of reasonableness to Guidelines sentences. *United States v. Spencer,* 2005 WL 2327222 *1 (2d Cir. Sept. 21, 2005) (unpublished).

We agree with our sister circuits that have held that a sentence within a properly calculated Guideline range is presumptively reasonable. In stating this, we do not intend to add to a defendant's burden of demonstrating that a sentence is unreasonable; instead, we are simply recognizing that our language in *Mares* comports with subsequent precedent from other circuits. In other words, there does not seem to be a practical difference between the burden of rebutting a presumption of reasonableness afforded a properly calculated Guideline range sentence and the burden of overcoming the great deference afforded such a sentence. Indeed, the Second Circuit apparently perceives the burdens as similar because it cited *Mares* in the context of discussing other circuits that employ a

---

[3] The *Washington* majority opinion found that the Sixth Amendment error was plain and therefore did not reach the issue of whether a properly calculated Guideline range sentence is presumptively reasonable.

5

rebuttable presumption of reasonableness.  *Spencer,* at *1.

Additionally, the Second, Sixth ,and Eleventh Circuits have rejected deeming a sentence in an applicable Guideline range reasonable per se.  *United States v. Crosby,* 397 F.3d 103, 115 (2d Cir. 2005); *United States v. Webb,* 403 F.3d 373, 385 n.9 (6th Cir. 2005); *United States v. Talley,* __ F.3d __, 2005 WL 3235409 *3 (11th Cir. Dec. 2, 2005).  We likewise decline to find a properly calculated Guidelines sentence reasonable per se.   "To say that a sentence within the Guidelines range is 'by itself' reasonable is to ignore the requirement that the district court, when determining a sentence, take into account the other factors listed in section 3553(a)."  *Talley,* 2005 WL 3235409 at * 3.

In the instant case, the district court properly took into consideration Alonzo's relevant conduct in determining his sentencing range under the Guidelines.  Thus, Alonzo's sole argument is without merit.  He has failed to demonstrate that his properly calculated Guidelines sentence, which was at the lowest end of the range, was unreasonable.  He is not entitled to relief.

For the above reasons, the district court's judgment is AFFIRMED.