United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 05-31098
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ANTHONY LARRY, III,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:04-CR-50171-2
--------------------

Before GARZA, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Anthony Larry, III appeals his conviction and sentence for

conspiracy to commit mail fraud, healthcare fraud, and bankruptcy

fraud, pursuant 18 U.S.C. § 371. Larry argues that the evidence

presented at trial was insufficient to sustain his conviction and

that the district court erred in calculating his sentence and in

imposing an unreasonable sentence.  We affirm.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Larry challenges the sufficiency of the evidence supporting his conviction.[1]  By moving for a judgment of acquittal at the close of the evidence, Larry preserved his claim for appellate review.  See United States v. Izydore, 167 F.3d 213, 219 (5th Cir. 1999).  We review the evidence in the light most favorable to the verdict and affirm if a rational trier of fact could have found that the evidence establishes the essential elements of the offense beyond a reasonable doubt.  United States v. Williams, 985 F.2d 749, 753 (5th Cir. 1993).

To prove conspiracy under 18 U.S.C. § 317, the government must prove 1) an agreement between two or more persons 2) to commit a crime against the United States, and 3) an overt act by one of the conspirators to further the objectives of the conspiracy.  United States v. Morrow, 177 F.3d 272, 286 (5th Cir. 1999).  Direct evidence need not be presented; the jury can infer a conspiracy from the circumstances.  United States v. Stephens, 964 F.2d 424, 427 (5th Cir. 1992).  The evidence showed that Larry had caused his attorney to issue notice of his motion for a hardship bankruptcy discharge through the United States mail that was based on a false claim that his wife had brain cancer.  The evidence further demonstrated that Larry's wife had applied for and received through the United States mail payments totaling

---

[1]Larry was indicted on forty-four counts; he was convicted of one count of conspiracy and acquitted of the other forty-three substantive counts that pertained to the execution of the conspiracy.

over $17,000 for dental care that was never performed.  Larry had endorsed one such check.  Larry's wife admitted that she had submitted the false dental claims and that she had lied about her brain cancer diagnosis.  Larry received several thousand dollars in donations and loans as the result of the false claim that his wife had brain cancer.  Although Larry and his wife testified that Larry had no knowledge of the healthcare fraud and did not learn until after the mail and bankruptcy fraud were complete that his wife had lied about having cancer, the evidence showed that Larry had been aware that his wife did not have brain cancer as early as September 2000, prior to the issuance of their notice of a hardship discharge in bankruptcy.

The jury was instructed, without objection, that it was entitled to find Larry had knowledge of a fact if it found that Larry deliberately closed his eyes to what would otherwise be obvious to him.  From this instruction, the jury reasonably could have concluded that Larry had deliberately blinded himself to facts indicating that his wife did not have brain cancer and that, therefore, he had conspired with his wife to file a false motion for a hardship discharge of their bankruptcy and caused notice of their motion for the discharge to be sent through the United States mail.  The jury also could reasonably have concluded that Larry had deliberately blinded himself to the fact that his wife had filed false dental claims and had demonstrated his complicity in the scheme by signing one of the fraudulently

3

obtained checks.  The jury's decision to accept or reject Larry's and his wife's testimony to the contrary was a credibility determination not to be disturbed by this court.  See United States v. Runyan, 290 F.3d 223, 240 (5th Cir. 2002).  His conviction is affirmed.

Larry next argues that the district court committed various errors in calculating his sentence.  Even after United States v. Booker, 543 U.S. 220 (2005), the sentencing court "is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range."  United States v. Johnson, 445 F.3d 793, 797-98 (5th. Cir 2006).  We continue to review the district court's application of the guidelines de novo and its factual findings for clear error.  United States v. Charon, 442 F.3d 881, 887 (5th Cir. 2006).

Larry maintains that the district court erred in attributing to him a $17,398 loss as the result of the dental fraud scheme because the evidence was insufficient to support a finding that he was aware of the dental fraud scheme.  Based on our conclusion that the evidence was sufficient to find beyond a reasonable doubt that Larry had conspired with his wife to file false dental claims, we affirm the finding of attributable loss.  The amount of loss attributable to a defendant's relevant conduct is a factual finding reviewed for clear error.  United States v. Messervey, 317 F.3d 457, 464 (5th Cir. 2002).  To be upheld, the finding need only be "plausible in light of the record as a

4

whole." United States v. Humphrey, 104 F.3d 65, 71 (5th Cir. 1997). In light of the record in this case, such a finding is more than plausible.

Larry also challenges the enhancements to his sentence for an offense involving bankruptcy fraud and ten or more victims, arguing that he did not become involved in the conspiracy until after the fraud had been committed. We reject his argument. Evidence showed that Larry had been aware that his wife did not have brain cancer as early as September 2000, well before the time he acknowledged his awareness of that fact, and before the Larrys caused notice of their hearing on the motion for a hardship bankruptcy discharge to be sent through the United States mail. As a result of the healthcare, mail, and bankruptcy fraud, ten bankruptcy debtors and the City of Shreveport were defrauded. In addition, the Larrys received loans and donations from several other individuals, police organizations, churches, and companies based on their misrepresentation that Larry's wife had brain cancer. These are factual findings that are not clearly erroneous.

Larry urges that the district court erred in awarding him a two-level enhancement for obstruction of justice, claiming that deliberate ignorance of his wife's fraud does not equate to a finding that he committed perjury. Generally, it is proper for the district court to enhance a defendant's sentence for obstruction of justice where the defendant committed perjury by

giving false testimony at trial.  See United States v. Dunnigan, 507 U.S. 87, 94 (1993) (upholding obstruction of justice enhancement where district court did not believe defendant's trial testimony that she was not involved in a conspiracy).  In Dunnigan, the Supreme Court defined perjury as giving "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory."  507 U.S. at 94.  It is enough if the district court found "the defendant untruthful at trial with respect to material matters in th[e] case."  Id. at 95. Additionally, the enhancement is adequately supported if the court's finding "encompasses all of the factual predicates for a finding of perjury."  United States v. Laury, 985 F.2d 1293, 1308 (5th Cir. 1993).

Larry's denial of awareness of his wife's deception regarding her cancer diagnosis concerned a material aspect of the case, and the jury's verdict supports the district court's conclusion that the testimony was false.  See id. at 1309. Because the district court made an adequate and well-supported finding that Larry committed perjury, the court properly enhanced his sentence for obstruction of justice.  See id.; United States v. Storm, 36 F.3d 1289, 1295 (5th Cir. 1994).

Larry further argues that the district court clearly erred by denying him a minor-role reduction because he was not an

active participant in the conspiracy and, therefore, should be viewed as substantially less culpable than his wife. The defendant bears the burden of proving that he was a minor participant in the event. United States v. Garcia, 242 F.3d 593, 597 (5th Cir. 2001). Larry has not met this burden. Larry participated in the conspiracy to commit healthcare, mail, and bankruptcy fraud, took steps to conceal the conspiracy, and received a substantial financial benefit from the conspiracy. Based on these facts, it cannot be said that Larry's role was "peripheral" to the advancement of the conspiracy or that he was "substantially less culpable than the average participant" in the conspiracy, as would be required to qualify for the minor-role reduction. The district court did not clearly err by finding Larry ineligible for the minor-role reduction.

Finally, Larry contends that, because his sentencing guidelines range was miscalculated, his sentence was unreasonable. The district court sentenced Larry within a properly calculated guideline range. Larry's sentence is thus presumed to be reasonable, and he has failed to rebut the presumption. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). Accordingly, we affirm Larry's sentence.

AFFIRMED.