United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50547
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL HUMBERTO JAUREGUI,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-1290-ALL
--------------------

Before JONES, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit
Judges.

PER CURIAM:[*]

Manuel Humberto Jauregui pleaded guilty to importing and
possessing with intent to distribute five kilograms or more of
cocaine and was sentenced to 168 months of imprisonment and five
years of supervised release.

Jauregui argues that the sentencing enhancement for drug
quantity imposed by the district court was not charged, proven to
a jury beyond a reasonable doubt, or admitted by him in violation
of United States v. Booker, 543 U.S. 220 (2005).  Jauregui argues

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that his sentence was not reasonable because the guideline range was not properly calculated. He argues that the two previous loads of cocaine were improperly included because he had not admitted these facts at his rearraignment and so it was constitutionally impermissible to count them. Jauregui objected in writing in the district court to the calculation of drug quantity based on Blakely v. Washington, 542 U.S. 296 (2004). He properly preserved his objection. United States v. Medina-Anicacio, 325 F.3d 638, 642 (5th Cir. 2003); United States v. Rodriguez-Mesa, 443 F.3d 397, 404 (5th Cir. 2006).

By rendering the Guidelines advisory, Booker eliminated the Sixth Amendment concerns that prohibited a sentencing judge from finding facts relevant to sentencing. United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). Consequently, following Booker, "[t]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence." Id.; see also United States v. Alonzo, 435 F.3d 551, 553 (5th Cir. 2006)(district court can consider relevant conduct, even if defendant does not admit conduct, without violating Sixth Amendment). Jauregui's argument that his sentence was unreasonable because his guideline range was not properly calculated in violation of the Sixth Amendment is without merit. See Alonzo, 435 F.3d at 553-54.

2

Jauregui argues that the district court erred in not awarding him a two-level adjustment under the safety-valve provision pursuant to U.S.S.G. §§ 5C1.2 and 2D1.1(b)(7). According to the Government, Jauregui was not forthcoming in providing all the information he had with regard to his role in a larger conspiracy. Jauregui has not shown that the district court clearly erred. United States v. Treft, 447 F.3d 421, 426 (5th Cir. 2006).

Jauregui argues that the district court erred in not giving him a minor role adjustment pursuant to U.S.S.G. § 3B1.2(b). He argues that he was a "mule" or courier of drugs, did not give directives to others or recruit accomplices, and was not a wholesaler or distributor. The record indicates that Jauregui played an integral role in transporting 55.75 kilograms of cocaine hidden in a vehicle and that he pleaded guilty to substantive counts of possessing the cocaine with an intent to distribute and to importing cocaine. The persons hiring him trusted him enough to give him sole possession of a large quantity of cocaine. Jauregui admitted that he had transported two previous loads. The district court did not clearly err in finding that Jauregui was not entitled to a downward adjustment for a mitigating role in the offense. United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir. 1989).

**AFFIRMED.**