United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 05-51593
Conference Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCO A. VAZQUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:05-CR-66
--------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Marco A. Vazquez appeals his guilty-plea conviction and sentence for possession of an unregistered short-barreled shotgun in violation of 26 U.S.C. §§ 5861(d), 5845(a) and 5871. He contends that the 21-month sentence imposed at the low end of the properly calculated guideline range was unreasonable because it failed to account for the severe immigration consequences he faced.

Vazquez asked for leniency based on the immigration consequences of his conviction in his sentencing memorandum and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

at sentencing. Although it was not explicitly mentioned as a reason for the sentence imposed, the district court implicitly considered the possibility of Vazquez's permanent removal when it sentenced Vazquez at the low end of the guideline range. See United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). After imposing sentence, the district court stated that Vazquez's conviction was "substantial" because it could lead to his removal from the United States. Therefore, Vazquez's sentence within the properly calculated guideline range was presumptively reasonable, and Vazquez has failed to demonstrate that his sentence was unreasonable. See United States v. Alonzo, 435 F.3d 551, 554-55 (5th Cir. 2006).

AFFIRMED.