IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 15, 2007**

Charles R. Fulbruge III
Clerk

No. 06-10771
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NICOLAS GONZALEZ, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-267-1
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Nicolas Gonzalez, Jr., appeals the sentence imposed following his guilty-plea conviction for possession with the intent to distribute cocaine. He argues that the district court misapplied U.S.S.G. § 3B1.2 when it adopted the probation officer's determination that he should be denied a minor-role reduction. He asserts that the probation officer's evaluation of his role was based solely on a comparison of his culpability to that of his codefendant, and that such was error because the probation officer was required to compare his culpability "to all those actually involved in the offense, not merely to those who were formally charged." Our review of the district court's interpretation and application of the Sentencing Guidelines is de novo. See United States v. Villegas, 404 F.3d 355, 358-62 (5th Cir. 2005); FED. R. CRIM. P. 51(b).

A fair reading of the entirety of the probation officer's response reflects that the probation officer was not restricting his comparison of Gonzalez's conduct to that of his codefendant. Rather, the probation officer was emphasizing that regardless of any other person's involvement in the conspiracy, Gonzalez was not less culpable than the codefendant, and thus not less culpable than the average participant. Gonzalez's argument that the district court misapplied § 3B1.2 is thus without merit.

Gonzalez also argues that the sentence imposed by the district court was not reasonable. Although he concedes that his sentence is to be reviewed for reasonableness under this court's precedent, Gonzalez also asserts that the presumption-of-reasonableness standard is unconstitutional. This court is bound by the precedent of previous panels absent "an intervening Supreme Court case

explicitly or implicitly overruling that prior precedent." United States v. Short, 181 F.3d 620, 624 (5th Cir. 1999). Accordingly, Gonzalez's sentence is reviewed for reasonableness. United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). "If the sentencing judge exercises her discretion to impose a sentence within a properly calculated Guideline range, in our reasonableness review we will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines." Id. at 519. "[A] sentence within a properly calculated Guideline range is presumptively reasonable." United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

While Gonzalez's assertions could possibly support a decision to impose a sentence below the applicable guideline range, they do not show that the sentence within the guidelines range was unreasonable. See id. at 554-55.

Gonzalez's sentence is presumed to be reasonable, and he has failed to rebut that presumption.  <u>See</u> <u>id.</u>  Accordingly, the sentence is AFFIRMED.