United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60449
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DALE MARTINEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:05-CR-71-1
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:*

Dale Martinez appeals the sentence imposed following his guilty plea conviction of conspiracy to distribute a mixture and substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a), (b)(1)(C), and 846. Martinez contends that the district court erred in its drug quantity determination, arguing that there was error under United States v. Booker, 543 U.S. 220 (2005), that information set forth in the presentence report (PSR) was unreliable and was not properly considered in the drug quantity determination, and that the district court erred by

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failing to issue a ruling that the relevant conduct was part of the same course of conduct or common scheme or plan as the offense of conviction.

Martinez also seeks leave to file a pro se supplemental brief.  By accepting the assistance of counsel, the criminal appellant waives his right to present pro se briefs on direct appeal.  Myers v. Johnson, 76 F.3d 1330, 1335 (5th Cir. 1996).  Martinez's motion for leave to file a pro se supplemental brief is denied.

Post-Booker, "[t]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence." United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).  The district court thus did not commit error under Booker by considering relevant conduct neither admitted by Martinez nor determined by a jury.  See United States v. Alonzo, 435 F.3d 551, 553 (5th Cir. 2006).

Analysis of the PSR and the PSR Addendum indicates that there was no error in the district court's determination of drug quantity, as that determination was based upon relevant conduct that was closely related to and in furtherance of the charged drug conspiracy.  See U.S.S.G. § 1B1.3 and comment. (n.9); United States v. Solis, 299 F.3d 420, 462 (2002); United States v. Bryant, 991 F.2d 171, 177 (5th Cir. 1993).  Moreover, at the

sentencing hearing, Martinez was offered the opportunity to present evidence to rebut the facts set forth in the PSR. By failing to submit evidence, Martinez failed to meet his burden of showing that the information in the PSR was materially untrue, and, in the absence of rebuttal evidence, the district court was entitled to rely on the facts in the PSR. United States v. Betancourt, 422 F.3d 240, 248 (5th Cir. 2005); United States v. De Jesus-Batres, 410 F.3d 154, 164 (5th Cir. 2005), cert. denied, 126 S. Ct. 1022 (2006).

Finally, the district court adopted the facts and conclusions set forth in the PSR without change. The PSR and the Addendum provide explicit rationale for the drug quantity determination. Therefore, by overruling Martinez's objection and adopting the PSR, the district court determined that the transactions set forth in the PSR were relevant conduct that supported the drug quantity calculation. See United States v. Carreon, 11 F.3d 1225, 1231 (5th Cir. 1994).

The district court's drug quantity finding is plausible in light of the record as a whole and therefore is not clear error. See United States v. Villanueva, 408 F.3d 193, 202-03 & n.9 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005). The district court's judgment is affirmed.

MOTION TO FILE PRO SE SUPPLEMENTAL BRIEF DENIED; JUDGMENT AFFIRMED.