IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-20073
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CARLOS GALLEGOS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-478-2

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Carlos Gallegos pleaded guilty to count two of a superseding indictment charging him with conspiring to commit hostage taking. Gallegos was sentenced at the bottom of the guideline imprisonment range to a 324-month term of imprisonment (consecutive to an undischarged term of imprisonment in number 4:05CR00266-002 in the United States District Court for the Southern District of Texas) and to a five-year period of supervised release. Gallegos gave timely notice of his appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gallegos contends that the district court erred in overruling his objection to the probation officer's recommendation that his offense level be increased by three levels, pursuant to U.S.S.G. § 3B1.1(b) (2005), because of his leadership role in the offense. Gallegos argues that he did not provide weapons to his coconspirators, that he did not brandish a weapon during the offense, and that he was not the only member of the conspiracy who negotiated over the telephone for payment of ransom for the victim's release.

In Gall v. United States, 128 S. Ct. 586 (2007), the Supreme Court bifurcated the process for reviewing a sentence: (1) appellate courts must first ensure that the district court did not commit a significant procedural error, such as treating the Guidelines as mandatory or failing to properly calculate the guidelines range; and (2) if the sentence is procedurally sound, the appellate court must then consider the "substantive reasonableness" of the sentence under an abuse-of-discretion standard. United States v. Cisneros-Gutierrez, 517 F.3d 751, ___ 2008 WL 383024 at *8 (5th Cir. Feb. 13, 2008) (citing Gall, 128 S. Ct. at 597). We continue to review the district court's interpretation or application of the Guidelines de novo, and its factual findings for clear error. Id. We review the district court's determination that a defendant was a manager or supervisor under § 3B1.1(b) for clear error. See United States v. Rose, 449 F.3d 627, 633 (5th Cir. 2006).

Even if we assume, as Gallegos contends, that these facts were in dispute because of Gallegos's equivocations at the rearraignment, there was sufficient remaining unrebutted information in the presentence report on which the district court could base its finding that Gallegos was a manager or supervisor of the conspiracy. Gallegos does not dispute that he negotiated by telephone with the victim's boss and brother, that he interrogated the victim, that he planned and instructed the others with regard to the hostage exchange, and that he recruited a coconspirator to be a participant in the conspiracy. These fact findings in the presentence report bear sufficient indicia of reliability and Gallegos has not

carried his burden of demonstrating that they are unreliable. See Rose, 449 F.3d at 633. Because the facts that are not in dispute support the district court's finding that Gallegos was a manager or supervisor, any error on the part of the district court in failing to explain its findings with respect to the disputed facts did not affect Gallegos's substantial rights and was harmless. See FED. R. CRIM. P. 52(a).

Gallegos contends that the sentence was unreasonable in view of the nature and circumstances of the offense. In Rita v. United States, 127 S. Ct. 2456, 2462 (2007), the Supreme Court held that appellate courts may apply a presumption of reasonableness to proper applications of the Sentencing Guidelines. In this circuit, "a sentence within a properly calculated Guideline range is presumptively reasonable." United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). This court "will give great deference to that sentence" and "will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines." Mares, 402 F.3d at 519-20.

The sentencing court has a duty to consider the factors of 18 U.S.C. § 3553(a). United States v. Mares, 402 F.3d 511, 518-19 (5th Cir. 2005). After determining Gallegos's Guideline sentence, the district court found expressly "that the sentencing guidelines adequately address all of the other Section 3553 factors." Because the district court exercised its discretion to impose a sentence within the guideline range, no additional explanation was required. See Mares, 402 F.3d at 519. Although Gallegos did request a downward departure in the district court, Gallegos did not contest the Guideline sentence generally. See Rita, 127 S. Ct. at 2468. Gallegos has not rebutted the presumption of reasonableness and the district court did not abuse its discretion in imposing a Guidelines sentence. See Gall, 128 S. Ct. at 597; Alonzo, 435 F.3d at 554. The judgment is

AFFIRMED.