IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-40121
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

REGINALD LAMON COLEMAN

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:06-CR-12-7

Before REAVLEY, SMITH, and ELROD, Circuit Judges.

PER CURIAM:[*]

Reginald Lamon Coleman appeals the sentence imposed following his guilty plea conviction for conspiracy to distribute or dispense or possess with the intent to distribute or dispense cocaine. Coleman challenges the district court's determination of drug quantity, arguing that the court should have employed a higher burden of proof than the ordinary preponderance of the evidence standard. Because Coleman did not object on this ground in the district court,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review is for plain error. See United States v. Alvarado-Santilano, 434 F.3d 794, 795 (5th Cir. 2005). Although this court has previously suggested that there may be circumstances when relevant conduct so greatly increases the sentence that a higher standard of proof must apply, this court has never expressly adopted this "tails wags the dog" doctrine. United States v. Mergerson, 4 F.3d 337, 344 (5th Cir. 1993). Therefore, the district court's use of the preponderance of the evidence standard is not plain error. See United States v. Hull, 160 F.3d 265, 272 (5th Cir. 1998).

Coleman also argues that the district court erred in calculating the quantity of drugs attributable to him because the court relied only on his uncorroborated confession. Drug amounts may be determined from any information with sufficient indicia of reliability, including uncorroborated hearsay. United States v. West, 58 F.3d 133, 138 (5th Cir. 1995). Because the court's finding that the conspiracy involved more than 150 kilograms of cocaine is plausible in light of the record as a whole, the district court's finding was not clearly erroneous. See Burton v. United States, 237 F.3d 490, 500 (5th Cir. 2000).

Coleman also argues that his sentence is unreasonable because the district court did not articulate sufficient reasons and the sentence is greater than necessary to accomplish the objectives of 18 U.S.C. § 3553(a). The district court imposed a sentence within the guidelines range and therefore was not required to provide a lengthy explanation. See Rita v. United States, 127 S. Ct. 2456, 2468 (2007). Because Coleman was sentenced within the properly calculated guidelines range, his sentence is presumptively reasonable. Rita, 127 S. Ct. at 2462-66; United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). Coleman does not rebut this presumption.

Accordingly, the judgment of the district court is AFFIRMED.