IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 22, 2008

Charles R. Fulbruge III
Clerk

No. 08-50136
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GUILLERMO GAONA,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 2:07-CR-509-ALL

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Guillermo Gaona appeals the sentence imposed after his guilty plea conviction of illegal reentry, 8 U.S.C. § 1326. He was sentenced at the bottom of his

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

advisory sentencing guideline range. He contends, in light of his personal circumstances and the circumstances surrounding his offense, that his sentence is unreasonable because it is greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a).

Following United States v. Booker, 543 U.S. 220 (2005), we review a sentence for reasonableness in light of the factors in 18 U.S.C. § 3553(a). Gall v. United States, 128 S. Ct. 586, 596-97 (2007). First, we consider whether the sentence is procedurally sound, id. at 597, then we decide whether it is substantively reasonable, using an abuse-of-discretion standard. Id. A sentence imposed within a properly calculated guideline range is entitled to a rebuttable presumption of reasonableness. Rita v. United States, 127 S. Ct. 2456, 2462 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

Citing Kimbrough v. United States, 128 S. Ct. 558, 575 (2007), and Rita, 127 S. Ct. at 2462, Gaona argues that his sentence should not be accorded the presumption. He contends that the justification for applying the presumption is undercut because U.S.S.G. § 2L1.2(b), used to calculate his advisory guideline range, was not promulgated according to usual Sentencing Commission procedures and did not take into account "empirical data and national experience." He portrays Kimbrough as having "suggested" that the appellate presumption should not be applied to guidelines that do not take account such data and experience.

Kimbrough makes no such suggestion; it considered the question whether "a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses." Kimbrough, 128 S. Ct. at 564. Speaking specifically to the crack cocaine guidelines, the Court merely ruled that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Id. at 575. The Court

said nothing of the applicability of the presumption of reasonableness. Moreover, the appellate presumption's continued applicability to § 2L1.2 sentences is supported by United States v. Campos-Maldonado, 531 F.3d 337, 338-39 (5th Cir.), cert. denied, 2008 U.S. LEXIS 6277 (U.S. Oct. 6, 2008), which involved a similar challenge to § 2L1.2. The appellate presumption is therefore applicable in this case.

Gaona's arguments regarding coming to the United States as an infant, having no family in Mexico, and reentering to see his familySSessentially a cultural assimilation argumentSSwas considered and rejected by the district court as a basis for a non-guideline sentence. This does not make Gaona's sentence unreasonable. See United States v. Gomez-Herrera, 523 F.3d 554, 565-66 (5th Cir. 2008) (finding sentence reasonable in the face of similar arguments of cultural assimilation), petition for cert. filed (Jul. 2, 2008) (No. 08-5226).

The presumption of reasonableness applies here, and the district court did not abuse its discretion in imposing a sentence within the advisory guideline range. Gall, 128 S. Ct. at 597. Accordingly, the judgment is AFFIRMED.