**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-50601
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ENRIQUE HERRERA-RODRIGUEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-618-ALL

Before HIGGINBOTHAM, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Enrique Herrera-Rodriguez (Herrera) appeals the 46-month sentence he received following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. He argues, for the first time on appeal, that his sentence is substantively unreasonable because he received a much harsher sentence for this, his first illegal-reentry conviction than he did for his prior alien-smuggling offense, which he asserts is a more serious offense. For that reason, he contends

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the Guidelines are internally inconsistent. Herrera additionally argues that the sentence imposed fails to take into consideration the circumstances of his offense or his personal history and characteristics.

Because these arguments are raised for the first time on appeal, they are reviewed for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). In order to demonstrate plain error, Herrera must show clear or obvious error that affected his substantial rights. *Id.* at 392. If he can make that showing, this court has "the discretion to correct the forfeited error but should do so only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.*

Herrera has failed to demonstrate any clear or obvious error on the district court's part. As he concedes, because his sentence was imposed within the correctly calculated guidelines range, it is presumptively reasonable, and the district court's consideration of all of the 18 U.S.C. § 3553(a) factors, including the nature and circumstances of the offense and the history and characteristics of the defendant, is presumed. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see also United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005). Herrera's assertion that he received a harsher sentence for this illegal reentry conviction than for his prior alien-smuggling offense ignores the role that his prior conviction played in the calculation of both his offense level and his criminal history score in the instant case. The 2005 alien-smuggling conviction increased Herrera's offense level by 16 and gave him a total of five criminal history points, resulting in a criminal history score of III. Thus, it is precisely because of Herrera's prior conviction that the instant offense yielded a higher sentence, and the Guidelines are not internally inconsistent.

The district court's judgment is AFFIRMED.