# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 28, 2011

No. 10-20777
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID ARGUETA, also known as Davida Argueta, also known as David Jose
Argueta, also known as David Josue Argueta, also known as Juan Jose Aguilar,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-149-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:*

David Argueta pleaded guilty of violating 8 U.S.C. § 1326(a) and (b) by being found in the United States without permission, following removal. The district court sentenced him at the bottom of his advisory sentencing guidelines range to a 46-month term of imprisonment and gave him an additional one month and 14 days of credit for the time he served in federal custody. Argueta appeals the sentence imposed in his case.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20777

Ordinarily, we review sentences, including those based on variances, for procedural error and for substantive reasonableness under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence that falls within a defendant's properly calculated guidelines range is entitled to a rebuttable presumption of reasonableness. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). If a defendant failed to object to an error at sentencing, we will review the issue for plain error only. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To prevail on plain-error review, a defendant must show that an error occurred, that the error was plain, which means clear or obvious, and that the error affected his substantial rights. *Peltier*, 505 F.3d at 392.

In his appellate brief, Argueta asserts, without argument or citation to legal authority, that he essentially is being resentenced for his 2004 burglary offense and that the district court erred in calculating his criminal history points. He has waived those claims by failing to adequately address them. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9)(A).

Argueta also asserts, for the first time on appeal, that his sentence violates his constitutional rights. However, Argueta's within-guidelines sentence is not grossly disproportionate to his offense such that it violates the Eighth Amendment's prohibition of cruel and unusual punishment. *See United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1134 (5th Cir. 1993). Nor did the enhancement of Argueta's sentence under U.S.S.G. § 2L1.2(b)(1)(A)(vii) violate his right to equal protection of the law due to disparities in the seriousness of convictions that trigger its application. *See id.*

Finally, Argueta asserts that his sentence is both procedurally and substantively unreasonable. Argueta's complaint that the district court applied the guidelines as mandatory, raised for the first time on appeal, is not supported

by the record.  His argument that his sentence is greater than necessary to meet the sentencing goals in 18 U.S.C. § 3553(a) is unconvincing.

Argueta contends, as he did in the district court, that the district court should have imposed a shorter sentence to account for disparities caused by fast-track programs.  However, he has not shown that the district court's failure to consider that argument constituted an abuse of discretion.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 562-63 & n.4 (5th Cir. 2008).  Nor has Argueta shown that the district court erred by failing to sua sponte consider disparities caused by application of the § 2L1.2 enhancement.  Finally, Argueta has not shown that the district court should have granted a downward variance based on the benign nature of his offense, his limited criminal history, and his family related motives for returning to the United States.  The district court considered Argueta's arguments, the facts of the case, and the appropriate statutory sentencing factors before imposing Argueta's sentence.  Argueta's disagreement with the district court's assessment of the factors is insufficient to establish that the district court abused its discretion.  *See id.* at 565-66.

Argueta's arguments do not show that his sentence is procedurally or substantively unreasonable.  *See Gall*, 552 U.S. at 51.  They do not rebut any presumption of reasonableness that attaches to his within-guidelines sentence.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied* 130 S. Ct. 1930 (2010).  Nor do they establish that the district court committed error, plain or otherwise.  *See Peltier*, 505 F.3d at 392.

AFFIRMED.