**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 3, 2012

Lyle W. Cayce
Clerk

No. 11-50040
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN ANTONIO BORREGO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-871-3

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Juan Antonio Borrego appeals the 121-month concurrent sentences imposed following his jury trial convictions for conspiracy to possess with intent to distribute marijuana and possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841 and 846. Borrego argues that the district court erred in determining the amount of drugs attributable to him as relevant conduct for purposes of sentencing and that his within-guideline sentences are therefore unreasonable. He contends that the evidence used to calculate his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

base offense level under the Guidelines was unreliable because it consisted solely of uncorroborated statements by two cooperating witnesses who were also coconspirators. He states that one of the coconspirators is a cocaine addict, a career drug transporter, and a convicted felon and that both coconspirators had an incentive to lie about Borrego's involvement in the conspiracy because they entered into plea agreements with the Government and wanted to shift criminal liability from themselves to Borrego.

As the district court had the opportunity to observe the coconspirators while they testified during Borrego's trial, it had the opportunity to evaluate their credibility. *See Burton v. United States*, 237 F.3d 490, 500 (5th Cir. 2000). Moreover, Borrego offered nothing at sentencing to rebut the statements made by his conconspirators that were contained in the presentence report. *See United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009). Accordingly, the district court did not clearly err in relying on the unrebutted testimony and statements of Borrego's coconspirators to determine the amount of drugs attributable to Borrego. *Id.*; *Burton,* 237 F.3d at 500. Because Borrego was sentenced within the recommended guidelines range, his within-guidelines sentences are presumptively reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). The sentences imposed by the district court are AFFIRMED.