# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 15, 2013

No. 12-40074
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MAURICIO MARTINEZ-AVILA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-896-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Mauricio Martinez-Avila pled guilty to illegal reentry following deportation after conviction of an aggravated felony in violation of 8 U.S.C. § 1326(a)-(b) and was sentenced to a within-Guidelines sentence of 37 months in prison. Martinez-Avila argues that his guilty plea is invalid because the magistrate judge violated Rule 11(b)(1)(M) of the Federal Rules of Criminal Procedure by incorrectly reciting an eight-level increase during his rearraignment. He also argues that his sentence is substantively unreasonable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because the district court placed undue weight on his criminal history without accounting for his cultural and family ties to the United States.

Martinez-Avila did not present the foregoing arguments in the district court; therefore, our review is for plain error. *United States v. Vonn*, 535 U.S. 55, 58-59 (2002). To show plain error, Martinez-Avila must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Martinez-Avila's argument regarding the validity of his guilty plea is unavailing. To establish that his substantial rights were affected, Martinez-Avila must show a "reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). When considering whether he has made this showing, we may consider the entire record. *See id.* The record as a whole reflects that Martinez-Avila was aware that he faced a statutory maximum term of 20 years in prison and that the district court was obligated to calculate the advisory Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a). Martinez-Avila was also aware of the magistrate judge's misstatement regarding the eight-level increase in his offense level when Martinez-Avila received the presentence investigation report, which reflected a twelve-level increase. He neither objected to the twelve-level increase nor complained about the magistrate judge's misstatement. In light of the foregoing, Martinez-Avila has failed to show on plain error review that but for the magistrate judge's misstatement, he would not have pled guilty. *See Dominguez Benitez*, 542 U.S. at 76, 83; *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990).

Martinez-Avila's argument regarding the substantive reasonableness of his sentence also fails because it amounts to nothing more than his

disagreement with the court's weighing of the sentencing factors and the appropriateness of his within-Guidelines sentence. Martinez-Avila has not rebutted the presumption of reasonableness that attaches to his within-Guidelines sentence and has not shown error, much less plain error. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Alonzo*, 435 F.3d 551, 554-55 (5th Cir. 2006).

AFFIRMED.