# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50164
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 11, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MISAEL ANTONIO MARTINEZ-MORALES,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-697-1

Before STEWART, Chief Judge, and OWEN and COSTA, Circuit Judges.

PER CURIAM:[*]

Without a written plea agreement, Misael Antonio Martinez-Morales pleaded guilty to illegally reentering the United States after being deported. The court sentenced him at the bottom of the properly calculated guideline range to 57 months in prison. He appeals the sentence, arguing that it is greater than necessary to satisfy the sentencing factors of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50164

Typically, sentences are reviewed for reasonableness under an abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 46 (2007); *Rita v. United States*, 551 U.S. 338, 351 (2007). The parties disagree about whether our review should be only for plain error, but the appeal fails under the usual standard. Under that standard, we first determine whether the district court committed any "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range . . . ." *Gall*, 552 U.S. at 51. But here there is no dispute as to procedural reasonableness, so we need only consider the substantive reasonableness of the sentence for an abuse of discretion. *Id.*

The sentence within the properly calculated guideline range is presumed to be reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Martinez-Morales argues that his sentence should not be presumed reasonable because the illegal entry Guidelines are not empirically based. This argument is foreclosed. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). He also argues that a prior aggravated felony conviction was unfairly counted in both his criminal history score and as a crime of violence in his offense level. This double-counting argument also fails. *See United States v. Gaytan*, 74 F.3d 545, 560 (5th Cir. 1996). We have also found unpersuasive Martinez-Morales's assertion that a lesser sentence is warranted because his crime was no more than an international trespass. *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).

Otherwise, Martinez-Morales notes that the presumption of reasonableness is not binding, and he contends that the district court gave improper weight to his personal history and other factors. He essentially asks this court to substitute his assessment of the § 3553(a) sentencing factors for the district court's, which is contrary to the deferential review dictated by *Gall*.

No. 15-50164

*See Gall*, 552 U.S. at 51. Mere disagreement with the sentence does not rebut the presumption of reasonableness. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

Martinez-Morales does not show that his sentence was unreasonable or plainly erroneous. *See Gall*, 552 U.S. at 51; *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). The judgment is AFFIRMED.