# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 16, 2020

Lyle W. Cayce
Clerk

No. 19-50466
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TERRY ALLEN MILES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CR-39-1

Before BARKSDALE, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Terry Allen Miles was convicted, following a jury trial, for kidnapping, in violation of 18 U.S.C. § 1201(a)(1) and (g)(1), transportation of a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a), and travel with intent to engage in illicit sexual conduct, in

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

violation of 18 U.S.C. § 2423(b).  He was sentenced, *inter alia*, to life imprisonment.  Miles challenges his convictions, contending the court erred by:  instructing the jury that kidnapping can be committed for ransom or reward when there was no such evidence in this case; allowing the Government to introduce testimony that the magistrate judge permitted defendant to discover the interview notes by one of the child victim's therapists out of an abundance of caution and to give defendant every fair chance; and excluding two 911 calls concerning incidents involving the two children's (daughters') mother.  He also challenges his sentence, contending his Sixth Amendment rights were violated when the district court overruled his objection to applying the murder cross-reference in the Sentencing Guidelines without a beyond-a-reasonable-doubt jury finding.  We affirm.

As Miles concedes, he did not raise the jury-instruction issue in district court.  Because the issue was not preserved in district court, review is only for plain error.  *E.g., United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  Under that standard, Miles must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings".  *Id.*

Miles fails to show the requisite clear or obvious error in the jury instruction that kidnapping can be committed, *inter alia*, "for ransom or reward" (instruction used "for ransom, reward, or some purpose or benefit") to the extent it merely tracked the statutory language of 18 U.S.C. § 1201(a).  *See id.*  The record does not support a finding that the jury determined that Miles had a financial motive—as no such evidence was adduced—or that, but for the court's reference to "ransom or reward", the jury would not have convicted Miles.  In the alternative, Miles fails to show

that, in the light of the strong evidence that Miles committed the kidnapping for "some purpose or benefit", any error in the jury instruction affected the outcome of the district-court proceedings. *See id.*

Regarding the challenge to testimony, "evidentiary rulings are reviewed 'for abuse of discretion, subject to harmless error review'". *United States v. Martinez*, 921 F.3d 452, 481 (5th Cir. 2019) (quoting *United States v. Alaniz*, 726 F.3d 586, 606 (5th Cir. 2013)). We need not determine whether the district court abused its discretion by allowing testimony that the magistrate judge permitted defendant to discover the victim's therapy notes "to give the defendant every fair chance", because the error, if any, is harmless. Given the overwhelming evidence of guilt, there is no reasonable possibility that the complained-of evidence might have contributed to Miles' conviction. *See United States v. Kizzee*, 877 F.3d 650, 661 (5th Cir. 2017) (citing *Chapman v. California*, 386 U.S. 18, 24 (1967)).

As for the excluded 911 calls, Miles fails to show the district court abused its discretion. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."); *see United States v. Brooks*, 681 F.3d 678, 709 (5th Cir. 2012). The record supports the court's concluding that the 911 calls were either irrelevant to issues in the case or cumulative of prior evidence, including testimony. *See United States v. Rajwani*, 476 F.3d 243, 248 (5th Cir. 2007), *modified*, 479 F.3d 904 (5th Cir. 2007). In any event, given the overwhelming evidence of Miles' guilt, any error in excluding the 911 calls was harmless. *See Kizzee*, 877 F.3d at 661.

Finally, Miles concedes his Sixth Amendment challenge—that his Sixth Amendment rights were violated when the district court applied the

No. 19-50466

Guidelines' homicide cross-reference to increase his advisory Guidelines sentencing range and sentence without a jury having found the facts necessary to support the cross-reference beyond a reasonable doubt—is foreclosed in this circuit. *See United States v. Alonzo*, 435 F.3d 551, 553 (5th Cir. 2006). The issue is raised only to preserve it for possible further review.

AFFIRMED.