# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2024

Lyle W. Cayce
Clerk

_____

No. 24-10211
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Alfonso Quezada,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-533-1

_____

Before Davis, Smith, and Higginson, *Circuit Judges*.

Per Curiam:*

Alfonso Quezada pleaded guilty, without a written plea agreement, to illegal reentry by a deported alien, in violation of 8 U.S.C. § 1326(a) and (b)(1). The district court sentenced him to a within-guidelines term of 100 months of imprisonment and one year of supervised release.

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10211

On appeal, he contends that his within-guidelines sentence was substantively unreasonable because the district court did not consider all of the 18 U.S.C. § 3553(a) factors. We review the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence imposed within a properly calculated guidelines range is presumptively reasonable. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). The record supports a conclusion that the court considered the § 3553(a) factors generally along with Quezada's mitigating arguments.

Quezada relatedly argues that the sentence did not adequately take into account his history and circumstances. However, he has failed to demonstrate "that the district court did not consider a sentencing factor that should have received significant weight, gave significant weight to a factor it should have discounted, or made a clear error of judgment when it balanced the relevant factors." *United States v. Douglas*, 957 F.3d 602, 609 (5th Cir. 2020) (internal quotation marks and citation omitted). Thus, Quezada has not rebutted the presumption of reasonableness that attached to his within-guidelines sentence. *See id.*

The district court's judgment is AFFIRMED.