# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 2, 2008

Charles R. Fulbruge III
Clerk

No. 07-40907
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SAMUEL MARTINEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-214-1

Before KING, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Samuel Martinez appeals his guilty plea conviction and sentence for conspiracy to possess with intent to distribute fifty grams or more of methamphetamine, possession with intent to distribute fifty grams or more of methamphetamine, and importation of fifty grams or more of methamphetamine. He argues that his sentence is unreasonable because it was based upon a mechanical application of the Guidelines, and the Sentencing Commission has shown that drug offenders transporting methamphetamine are

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

punished more severely than necessary. He asserts that his sentence is too severe because his offense was simple drug smuggling, because while his criminal history was long, he had never served more than 180 days of imprisonment previously, and because he has lived in the United States all his life.

Martinez did not argue that his sentence was unreasonable because the guidelines provisions regarding methamphetamine offenses were too severe below. Accordingly, to the extent that Martinez's reasonableness argument relies upon the severity of the guidelines provisions regarding methamphetamine, we review for plain error. See United States v. Peltier, 505 F.3d 389, 391-92 (5th Cir. 2007), petition for cert. filed (Jan. 22, 2008) (No. 07-8978).

As the district court sentenced Martinez within the properly calculated guidelines range, the sentence is presumptively reasonable. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). While the Supreme Court has recently held that a district court may deviate from the guidelines range based upon a determination that a guidelines provision is unduly severe, it did not hold that a district court's refusal to deviate from the guidelines range based upon the severity of a guidelines provision was unreasonable. See Kimbrough v. United States, 128 S. Ct. 558, 570-76 (2007). Martinez has not rebutted the presumption of reasonableness or shown that the sentence was plainly erroneous. See Alonzo, 435 F.3d at 554; Gall v. United States, 128 S. Ct. 586, 597 (2007).

For the first time on appeal, Martinez argues that the penalty scheme in 21 U.S.C. § 841(a) and (b) is unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). As Martinez concedes, this argument is foreclosed. See United States v. Slaughter, 238 F.3d 580, 582-84 (5th Cir. 2000).

AFFIRMED.