IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-51390
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TERESA JOY ROWELL

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-49-ALL

Before JOLLY, DENNIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Teresa Joy Rowell appeals the sentence imposed following her guilty plea conviction for bank fraud. Rowell asserts that the sentence was imposed in a procedurally unreasonable manner because the district court did not make any comments at sentencing regarding the sentencing factors set forth in 18 U.S.C. § 3553(a). She maintains that the sentence is substantively unreasonable because all of the § 3553(a) factors indicate that a sentence of probation, not a sentence of imprisonment, was appropriate. She contends that probation is the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

only reasonable sentence because she is a middle-aged mother with no criminal record who committed the offense because of a psychological disorder.

When the district court exercises its "discretion to impose a sentence within the Guideline range and states for the record that [it] is doing so, little explanation is required." See United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005). Although the district court could have given a better explanation of the reasoning for its sentencing decision, the reasoning was sufficient. See Rita v. United States, 127 S. Ct. 2456, 2469 (2007). As in Rita, the district court judge

> might have added explicitly that he had heard and considered the evidence and argument; that (as no one before him denied) he thought the Commission in the Guidelines had determined a sentence that was proper in the minerun of roughly similar . . . cases; and that he found that [the defendant's] personal circumstances here were simply not different enough to warrant a different sentence. But context and the record make clear that this, or similar, reasoning, underlies the judge's conclusion.

Id.

Rowell acknowledges that the sentence was within the properly calculated guidelines range. Accordingly, the sentence is presumptively reasonable. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). To the extent Rowell relies upon her status as a middle-aged mother to rebut the presumption of reasonableness, this is an appeal to socioeconomic status, which is an impermissible factor for consideration. See United States v. Peltier, 505 F.3d 389, 393 & n.13 (5th Cir. 2007), petition for cert. filed (Jan. 22, 2008) (No. 07-8978). While a district court may consider a defendant's psychological condition as a reason for a below guidelines sentence, Rowell has not shown that the district court's refusal to impose a sentence below the guidelines range for this reason was unreasonable. Cf. Rita, 127 S. Ct. at 2470 (rejecting claim that defendant's poor health made sentence of imprisonment within guidelines range unreasonable). Rowell has not shown that her "circumstances are special

enough that, in light of § 3553(a), they require a sentence lower than the sentence the Guidelines provide." Id.

AFFIRMED.