IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2008

Charles R. Fulbruge III
Clerk

No. 08-50030
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALFREDO VELA-ONTIVEROS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-1951-ALL

Before KING, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Alfredo Vela-Ontiveros (Vela) appeals the 24-month sentence imposed following his guilty plea conviction of importation of a controlled substance and possession with intent to distribute a controlled substance. Vela argues that the sentence is unreasonable in light of the 18 U.S.C. § 3553(a) factors. He contends that the court did not adequately take into account his personal history, namely that he had a bachelor's degree, had worked as a teacher in Mexico, was a legal permanent resident of the United States, and had no criminal record. He asserts

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he committed this offense because a series of medical emergencies undercut his ability to support his family and that he is unlikely to pose any future danger to the public.

Following United States v. Booker, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors in § 3553(a). See United States v. Mares, 402 F.3d 511, 519-20 (5th Cir. 2005). A sentence imposed within the properly-calculated guidelines range is entitled to a presumption of reasonableness. Rita v. United States, 127 S. Ct. 2456, 2462 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). Review is for an abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007).

At sentencing, the district court stated that it had considered Vela's circumstances, the circumstances of the case, the Guidelines, the statutory factors, and the presentence report in arriving at a sentence that it considered to be sufficient, but not greater than necessary, to achieve the purposes of the statute. The court, noting that it had 40-60 sentencings that week alone, specifically found that Vela's reasons for committing this offense were similar to the reasons offered by others. The court recognized that Vela was well educated and had been a school teacher, but determined that this was not a mitigating circumstance because he had had the privilege of being well educated and was capable of making good choices, but instead had made very bad decisions and risked putting drugs on the street that could have gone to children.

The district court imposed the lowest sentence under the advisory guidelines range. Vela has not shown that this was an abuse of discretion. See Rita, 127 S. Ct. at 2470.

AFFIRMED.