IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2008

Charles R. Fulbruge III
Clerk

No. 08-50147
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE FRANCISCO HERNANDEZ, also known as Jose Francisco Hernandez-
Buelna

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-2399-ALL

Before JONES, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:*

Jose Francisco Hernandez pleaded guilty to illegal reentry after
deportation and was sentenced to 60 months of imprisonment and three years
of supervised release. Hernandez argues that his sentence, which was within
the recommended guidelines range, was substantively unreasonable because his
criminal history score was overstated and the instant offense was his first illegal
reentry offense.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

An appellate court's review of a sentence must start with the issue whether the district court committed any "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall v. United States, 128 S.Ct. 586, 597 (2007). If the sentencing decision is procedurally sound, the appellate court then considers "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id.

Because Hernandez did not challenge the substantive reasonableness of his sentence in the district court, the issue is reviewed for plain error. See United States v. Peltier, 505 F.3d 389, 391-92 (5th Cir.2007), cert. denied, 128 S. Ct. 2959 (2008). Hernandez has not shown that the district court erred at all, much less plainly erred in imposing the length of sentence it chose. His within-guidelines sentence is entitled to a rebuttable presumption of reasonableness. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir.2006); see also Rita v. United States, 127 S. Ct. 2456, 2462 (2007). Although Hernandez contends that the district court did not take into account certain mitigating factors, he made these arguments at sentencing, and the district court considered those arguments, as well as the § 3553(a) factors, in sentencing him.

AFFIRMED.