# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 15, 2010

No. 09-11085
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

SALVADOR MARQUEZ,

Defendant – Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-67-3

Before HIGGINBOTHAM, BENAVIDES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Salvador Marquez appeals his sentence following his guilty plea conviction for possession with intent to distribute methamphetamine and aiding and abetting. He contends that the district court clearly erred in denying a mitigating role adjustment under U.S.S.G. § 3B1.2. Section 3B1.2 provides for a four-level reduction in a defendant's offense level if the defendant was a "minimal" participant in a concerted criminal activity, a two-level reduction in his offense level if he was a "minor" participant, and a three-level reduction if

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the defendant's role fell between that of a "minimal" participant and a "minor" participant.[1]

The burden is on the defendant to establish by a preponderance of the evidence that he is entitled to a mitigating role adjustment under § 3B1.2.[2] And "§ 3B1.2 only applies when a defendant is 'substantially less culpable than the average participant.'"[3] "It is not enough that a defendant does less than other participants; in order to qualify as a minor participant, a defendant must have been peripheral to the advancement of the illicit activity."[4] Whether Marquez was entitled to a reduction under § 3B1.2 is a factual determination that is reviewed for clear error.[5] "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole."[6]

Marquez's statements to authorities concerning his involvement with the drug trafficking dealings of one of his co-defendants, Jaime Luna, indicate that Marquez had an established and ongoing relationship with Luna's drug trafficking activities and stood to profit from the specific activity that led to the arrests in this case. Marquez was the only participant in Luna's drug trafficking activities who accompanied Luna to both of the transfers of methamphetamine. After Marquez's arrest, investigators found inside Marquez's residence materials consistent with drug trafficking, such as electronic scales and a clear plastic bag containing methamphetamine residue that was similar to the bag used in the transfer of one pound of methamphetamine earlier that day. Luna stated to

---

[1] U.S.S.G. § 3B1.2.

[2] *See United States v. Posasa-Rios*, 158 F.3d 832, 880 (5th Cir. 1998).

[3] *United States v. Villanueva*, 408 F.3d 193, 203–04 (5th Cir. 2005) (quoting § 3B1.2, cmt. n. 3(A)).

[4] *Id.* at 204 (internal quotation marks and citation omitted).

[5] *See id.* at 203.

[6] *Id.*

investigators that he left this pound of methamphetamine in Marquez's possession prior to the transfer. The district court's finding that Marquez's role in the offense did not warrant an adjustment under § 3B1.2 was plausible in light of the record as a whole and, thus, not clearly erroneous.[7]

Marquez alternatively contends that his sentence was substantively unreasonable due to the district court's refusal to grant a downward variance despite his limited role in the drug trafficking activities in this case. Because Marquez objected to his sentence as unreasonable in the district court, this argument has been preserved for appeal.[8] Marquez's sentence is presumed reasonable because it was within his guidelines range,[9] and he has not shown sufficient reason for this court to disturb that presumption.

AFFIRMED.

---

[7] *See id.*, 408 F.3d at 203–04.

[8] *See United States v. Peltier*, 505 F.3d 389, 390–91 (5th Cir. 2007).

[9] *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).