**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Tremayne D. ARMSTEAD, also known as Pokey, Travis L. Williams, Defendants–Appellants.**

**No. 09–30091**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Sept. 14, 2010.

Catherine M. Maraist, Assistant U.S. Attorney, Jennifer McDaniel Kleinpeter, U.S. Attorney's Office, Baton Rouge, LA, for Plaintiff–Appellee.

Christopher Albert Aberle, Mandeville, LA, John Harvey Craft, Esq., New Orleans, LA, for Defendants–Appellants.

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM: *

Tremayne D. Armstead and Travis L. Williams were convicted by jury verdict of conspiracy to distribute 50 grams or more of a substance containing crack cocaine and distributing 50 grams or more of a substance containing crack cocaine. Armstead was sentenced to a total of 276 months of imprisonment and ten years of supervised release. Williams was sentenced to a total of 120 months of impris-

---

onment and five years of supervised release.

Williams argues that the district court erred by denying his motion to sever his trial because evidence of Armstead's prior drug dealings with the confidential informant (CI), some of which did not involve Williams, prejudiced his defense. In light of the minimal potential prejudice from that evidence to Williams, as well as the trial court's jury instructions in this regard, Williams has failed to show that the district court erred in this regard. *See United States v. Simmons*, 374 F.3d 313, 317 (5th Cir.2004).

Williams also contends that the district court erred by permitting the DEA agent to testify that the CI had positively identified Armstead as the person the CI knew as "Pokey." Even if it is assumed that Williams has standing to raise this challenge, that this challenge has been preserved for appeal, and that the testimony constituted inadmissible hearsay, any error was rendered harmless by the CI's trial testimony confirming that identification. *See United States v. Ragsdale*, 426 F.3d 765, 774 (5th Cir.2005).

Armstead argues that his sentence is both procedurally and substantively unreasonable in light of the district court's failure to properly consider his request to lower his sentence to reduce the disparity ratio between crack and powder cocaine. Our review of the transcript shows that the district court's explanation rejecting Armstead's argument for a lower ratio and supporting the imposed sentence was adequate. *See Rita v. United States*, 551 U.S. 338, 351, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). Moreover, Armstead has failed to overcome the presumption of reasonableness afforded to his within-guidelines sentence. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir.2006).

The district court's judgment is AFFIRMED.

---

* District Judge for the Eastern District of Texas, sitting by designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be