# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 10-30830
Summary Calendar

May 20, 2011

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

UMIKA OSTEEN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:10-CR-45-1

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Umika Osteen appeals the 18-month sentence imposed following her guilty plea conviction for counterfeiting and forging obligations and securities of the United States. Osteen argues that her sentence is unreasonable in light of the 18 U.S.C. § 3553(a) factors because the district court failed to adequately account for certain factors. She avers that she passed only a minimal amount of counterfeit currency and only to two fast food establishments. She notes her tragic childhood, including witnessing the violent murder of her mother; and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

points out that she has struggled without child support to care for her own six children, as well as the children of her disabled sister.

We review Osteen's sentence for reasonableness, under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Osteen's guidelines range sentence is entitled to a rebuttable presumption of reasonableness. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). The district court made an individualized sentencing decision based on the facts of the case in light of the factors set out in § 3553(a). *See Gall*, 552 U.S. at 49-50. The district court noted that, in setting Osteen's sentence at the bottom of the guidelines range, it had considered the § 3553(a) factors, the facts established in the record, the parties' statements, the Guidelines, and the policies underlying the Guidelines. The district court particularly referenced its concerns regarding the need to balance Osteen's familial obligations with the nature and circumstances of the offense. The district court's conclusion that a within-guidelines sentence is appropriate is entitled to deference, and we presume that it is reasonable. *See Gall*, 552 U.S. at 51-52; *Alonzo*, 435 F.3d at 554. We see no reason to disturb the district court's discretionary decision to impose a sentence within the guidelines range.

AFFIRMED.