**IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 22, 2011

Lyle W. Cayce
Clerk

No. 10-10850
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE JESUS HORTA-FIGUEROA,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-50-6

Before KING, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Jesus Horta-Figueroa appeals his 262-month sentence, imposed following his guilty-plea conviction for conspiracy to possess, with intent to distribute, 50 grams or more of a mixture containing methamphetamine, a controlled substance. Horta contends: his sentence was substantively unreasonable in the light of mitigating circumstances, including his youth and lack of criminal history; the district court did not provide specific reasons for the sentence; and, because the court made only general reference to the 18 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10850

§ 3553(a) sentencing factors, it cannot be determined whether it considered the mitigating factors. He also asserts he has provided a basis for rebutting the presumption of reasonableness attached to a within-Guidelines sentence.

Horta is not challenging the procedural reasonableness of his sentence. Along that line, at sentencing, the district court, after hearing testimony about whether Horta was in actual or constructive possession of the firearm seized where the methamphetamine was manufactured and distributed, ruled Horta did not have sufficient knowledge of the presence of the firearm and applied the requested safety-valve provision, reducing the advisory sentencing range from 324-405 months to 262-327 months.

If, as here, a sentencing decision is procedurally sound, the substantive reasonableness of the imposed sentence is reviewed for abuse of discretion. *Gall v. United States,* 552 U.S. 38, 51 (2007). As noted above, a within-Guidelines sentence "is presumptively reasonable". *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

The record shows the district court, *inter alia*: considered the serious nature and ramifications of the drug conspiracy and the need to deter such conduct; listened to Government's evidence, defense counsel's mitigating arguments, and Horta's allocution; specifically referred to its consideration of the § 3553(a) factors; and implicitly considered Horta's mitigating arguments by sentencing him at the bottom of the Guidelines range. Horta's disagreement with the district court's consideration of the § 3553(a) factors and the mitigating circumstances is insufficient to disturb the presumption of reasonableness afforded his within-Guidelines sentence. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.