**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 16, 2012

Lyle W. Cayce
Clerk

No. 11-60702
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SCOTT ANTHONY THOMAS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:10-CR-78-3

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Scott Anthony Thomas pleaded guilty to one count of conspiracy to commit wire fraud. The district court sentenced him to 90 months in prison. On appeal, Thomas argues that the sentence of 90 months in prison was procedurally flawed and substantively unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Thomas argues that the district court erred in holding him responsible for the amount of loss from the entire conspiracy, $448,084. In "a jointly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

undertaken criminal activity" such as this offense, a defendant is accountable pursuant to relevant conduct for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity."  U.S.S.G. § 1B1.3(a)(1)(B). "A determination of relevant conduct is a finding of fact," which we review under the clearly-erroneous standard. *United States v. Ekanem*, 555 F.3d 172, 175 (5th Cir. 2009).  A factual "finding will be deemed clearly erroneous if, based on the record as a whole, we are left with the definite and firm conviction that a mistake has been committed."  *Id.* (internal quotation marks and citation omitted).

This scheme involved individuals, impersonating Internal Revenue Service agents, who called victims and informed them that they had won a large cash prize that could not be collected until the taxes had been paid.  The "caller" would have the victim wire the money to one of the "runners" involved in the scheme and when the transaction was complete the caller and the runner would divide the proceeds.  Thomas argues that, as a runner, he should be held responsible only for those transactions in which he participated personally as a runner.  The runners did not operate independently but acted in unison because it was necessary to have different individuals pick up the wired money to spread the risk.  The district court found that all of the participants in the scheme understood the entire scheme and were essential for the success of the jointly undertaken criminal activity.  Thomas has not shown that this factual finding is clearly erroneous.

Thomas argues that the district court committed procedural error by not reducing his offense level by two levels pursuant to U.S.S.G. § 3B1.2 due to his minor role in the offense, a runner.  The district court's denial of a reduction for a mitigating role is also a factual determination that is reviewed for clear error. *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005).  To warrant the reduction, a defendant must be "peripheral to the advancement of the criminal activity." *United States v. Martinez-Larraga*, 517 F.3d 258, 272 (5th Cir. 2008).

No. 11-60702

As discussed above, in relation to the jointly-undertaken-criminal-activity, the district court concluded that the role of runner was not peripheral but was an essential part of the scheme. Thomas has not shown that the district court clearly erred by not awarding him a minor-role adjustment.

Finally, Thomas argues that the within-guidelines sentence was substantively unreasonable because it failed to account adequately for his cooperation with the Government and gave undue weight to his criminal history. When, as here, the district court imposes a sentence within a properly calculated guidelines range, the sentence is entitled to a presumption of reasonableness. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). That an appellate court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. Thomas has not shown that the district court failed to give proper weight to his arguments or any particular factor under 18 U.S.C. § 3553(a). *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.