# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 10, 2012

No. 11-50963
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE GUADALUPE REYES-CARRERA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-1552-1

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Guadalupe Reyes-Carrera (Reyes) pleaded guilty to illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326, and was sentenced, within the advisory Guidelines sentencing range, to 48-months imprisonment. He appeals only his sentence, contending it is unreasonable.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States,* 552 U.S. 38, 51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Regarding claimed procedural error, Reyes contends the district court found, in its review of Reyes' history and characteristics for sentencing purposes, that he had been convicted in Michigan of rape or aggravated sexual assault with a 15-year-old victim, when in fact his conviction was for attempted sexual assault. Assuming this issue was properly preserved in district court, the court made no such finding. Instead, it merely expressed its belief that any sexual relationship between a person of Reyes' age and a 15-year-old is, by operation of law, nonconsensual for the child. Reyes acknowledged having engaged in such a relationship. Thus, the court found no "clearly erroneous facts" and committed no procedural error. *Gall*, 552 U.S. at 51.

We reject also Reyes' contention that his sentence is substantively unreasonable. The district court recited the reasons for the sentence, and those reasons comport with the § 3553(a) sentencing factors. Because, as noted, the sentence is within the properly calculated advisory Guidelines sentencing range, our court may apply a presumption of reasonableness to the sentence. *E.g., United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *Rita v. United States*, 551 U.S. 338, 347 (2007). The record offers no convincing reason, including any challenged consideration by the district court of a reported bus-rocking incident by Reyes en route to rearraignment, not to apply that presumption. *E.g., Gall*, 552 U.S. at 51.

AFFIRMED.