# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 10, 2012

No. 12-30197
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHAHEED CLAIBORNE,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:11-CR-74-2

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Pursuant to a plea agreement, Shaheed Claiborne pleaded guilty of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

attempting to possess contraband while in prison. He challenges his sentence of one year and one day, which was at the low end of the guideline range.

Claiborne disputes the district court's decision to increase his offense level by two levels for his role in the offense. Citing application note 4 to U.S.S.G. § 3B1.1, Claiborne contends that his conduct did not meet the criteria used to determine whether a defendant played an organizing role. He contends that he and his codefendant shared equal responsibility in the criminal activity.

We review for clear error a factual finding regarding a defendant's role in the offense. *United States v. Delgado*, 672 F.3d 320, 344 (5th Cir. 2012), *petition for cert. filed* (May 22, 2012) (No. 11-10492). A two-level increase in the offense level is warranted "[i]f the defendant was an organizer, leader, manager, or supervisor in" certain criminal activities. U.S.S.G. § 3B1.1(c).

The application note relied on by Claiborne—application note 4—is irrelevant, because it identifies factors that distinguish a defendant who has a leadership or organizational role in an offense from one who is merely a manager or supervisor for purposes of determining whether a four- or three-level adjustment is warranted. *See* § 3B1.1, comment (n.4). Claiborne received only a two-level increase under § 3B1.1(c), which makes no distinction among leaders, organizers, managers, and supervisors. *See* § 3B1.1(c).

Moreover, the court's decision was not clearly erroneous. Evidence presented at sentencing showed that Claiborne, through his contacts inside and outside prison, made all the arrangements necessary for his codefendant to obtain marihuana and deliver it to Claiborne at the prison. Claiborne then provided instructions to his codefendant. That evidence was sufficient for the court to conclude that Claiborne directed his codefendant throughout the commission of the crime, which was sufficient to warrant the enhancement. *See* § 3B1.1, comment. (n.2).

Claiborne contends that his sentence was greater than necessary to achieve the purposes of sentencing. Specifically, he argues that the district court

should have taken into account his good behavior while on supervised release, that he was the caretaker for his mother who had become paralyzed while he was on supervised release, and that the state will have to pay for his mother's care while he is imprisoned. He also points out that while on supervised release, he received mental-health treatment and participated in volunteer activities in his community.

Our review of the reasonableness of the sentence is for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). We presume that a within-guideline sentence, like Claiborne's, is reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). The district court heard testimony from Claiborne's mother regarding all the issues that Claiborne now raises. The court then carefully considered each of the 18 U.S.C. § 3553(a) factors in turn, pointing out that some of them militated in favor of a lower sentence but ultimately concluding that, on balance, the factors as a whole supported a sentence at the low end of the guideline range. Claiborne's arguments amount to a disagreement with the balance that the district court struck, but this court will not reweigh the sentencing factors. *See United States v. McElwee*, 646 F.3d 328, 344 (5th Cir. 2011). Claiborne has not rebutted the presumption that his sentence is reasonable.

AFFIRMED.