# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 16, 2014

Lyle W. Cayce
Clerk

No. 13-20175
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOVANNA RENEE GARDNER,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-199-2

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jovanna Renee Gardner appeals the 27-month term of imprisonment imposed following her guilty plea conviction of misprision of a felony. She contends that her sentence is procedurally and substantively unreasonable as well as unconstitutionally disproportionate to her offense.

Generally, we review criminal sentences for reasonableness. *Gall v. United States*, 552 U.S. 38, 46 (2007). We first determine whether the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court committed any procedural errors, such as improperly calculating the defendant's advisory sentencing-guidelines range. *Id.* at 51. In making that determination, we review the district court's findings of fact for clear error and its interpretation and application of the Sentencing Guidelines to those facts de novo. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). If the district court's sentencing decision is procedurally sound, we will "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard. . . . tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51.

Gardner argues that the district court procedurally erred when it enhanced her sentence under United States Sentencing Guideline § 2B1.l(b)(H) based on the intended loss resulting from the fraudulent scheme underlying her offense. Gardner preserved this challenge to her sentence through her objections to the presentence report. However, she has not shown, in light of her knowledge of, and participation in, the fraudulent scheme of Irvin Warren Lawrence, that the district court erred in its method of determining the amount of intended loss or clearly erred in calculating that intended loss. *See United States v. Klein*, 543 F.3d 206, 214 (5th Cir. 2008); *United States v. Hammond*, 201 F.3d 346, 351 (5th Cir. 1999).

For the first time on appeal, Gardner argues that her sentence is substantively unreasonable because it is greater than necessary to achieve the goals of 18 U.S.C. § 3553(a). When a defendant raises a sentencing challenge on appeal that she did not present to the district court, we will review the decision for plain error only. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Peltier,* 505 F.3d 389, 391-92 (5th Cir. 2007). To prevail on plain error review, a defendant must show that an error occurred, that the error was clear or obvious, and that the error affected her substantial rights.

No. 13-20175

*Peltier*, 505 F.3d at 392.  If those factors are established, we have the discretion to correct the forfeited error, but we will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*  Gardner contends that a shorter sentence is appropriate because she played a minimal role in the fraudulent scheme and her offense did not physically harm anyone.  Gardner's disagreement with the district court's assessment of an appropriate sentence does not rebut the presumption of reasonableness that attaches to her within-guidelines sentence and does not establish an abuse of discretion.  *See Gall*, 552 U.S. at 51; *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).  Gardner has not shown error, plain or otherwise.

For the first time on appeal, Gardner also argues that her sentence violates the Eighth Amendment to the Constitution because it is grossly disproportionate to her offense.  In analyzing whether a defendant's sentence is so grossly disproportionate to her offense that it constitutes cruel and unusual punishment, we make a threshold comparison of the gravity of the offense against the severity of the sentence imposed.  *United States v. Thomas*, 627 F.3d 146, 160 (5th Cir. 2010).  Only if that threshold comparison suggests disproportionality will we conduct a deeper inquiry into sentences for similar crimes in the same and other jurisdictions.  *Id.*  The federal sentencing guidelines are a "convincing objective indicator of proportionality."  *United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1134 (5th Cir. 1993).  Gardner's 27-month sentence was within her properly calculated advisory guidelines range.  Thus, she has not shown that her sentence is grossly disproportionate to her offense.  *See id.*

AFFIRMED.