# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60046
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 2, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRANDON VENSON TAYLOR,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:13-CR-23-1

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Brandon Venson Taylor pleaded guilty to one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was sentenced within the applicable guidelines range to 70 months of imprisonment, to run consecutively to any other state or federal sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60046

Taylor challenges the substantive reasonableness of his sentence, arguing that the district court failed to consider mitigating factors, namely, his personal history and characteristics.  As he did in the district court, Taylor directs attention to his mental health history and treatment.  "[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).  "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors."  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The district court considered the presentence investigation report, Taylor's motion for a downward variance, and his counsel's arguments at sentencing.  Although Taylor pointed to mitigating evidence and circumstances that could have justified a lesser sentence, the court concluded a lesser sentence was not warranted.  Specifically, it expressed concerns over, inter alia, Taylor's "troubling" offender characteristics and his criminal history.  Taylor has failed to rebut the presumption of reasonableness attached to his within-guidelines-range sentence.  *See Cooks*, 589 F.3d at 186.

AFFIRMED.