# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50232
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 29, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NICOLAS POP-AGUILAR,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-740-1

Before DAVIS, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Nicolas Pop-Aguilar pleaded guilty to illegal reentry after deportation and was sentenced to 30 months of imprisonment and two years of supervised release. In determining the sentence, the district court applied the 12-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because of Pop-Aguilar's 1994 Iowa conviction for lascivious acts with a child. Pop-Aguilar contends that his sentence is unreasonable because it is greater than necessary to meet the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing goals in U.S.S.G. § 3553(a).  He argues that the sentence failed to take into account the circumstances of his case, that is, that his Iowa conviction occurred almost 20 years ago, that he had a benign motive in reentering the United States, and that he is the sole provider for his family.

Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for procedural error and substantive reasonableness under an abuse of discretion standard.  *United States v. Johnson*, 619 F.3d 469, 471-72 (5th Cir. 2010) (citing *Gall v. United States*, 552 U.S. 38, 50-51 (2007)).  Because Pop-Aguilar did not object to the procedural and substantive reasonableness of the sentence, our review is for plain error.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  To show plain error, Pop-Aguilar must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

A presumption of substantive reasonableness applies to within-guidelines sentences.  *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).  "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors."  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Pop-Aguilar's arguments do not show a clear error of judgment on the district court's part in balancing the § 3553(a) factors; instead, they constitute a mere disagreement with the weighing of those factors.  *See Cooks*, 589 F.3d

at 186.    On this record, Pop-Aguilar cannot rebut the presumption of substantive reasonableness. *See id.*   Nor can he show that the district court committed reversible plain error in applying the statutory sentencing factors. *See Puckett*, 556 U.S. at 135.   The judgment is AFFIRMED.