# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30661
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

THOMAS DESSOYE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:13-CR-294

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Thomas Dessoye appeals the 240-month, within-guidelines prison sentence imposed following his guilty plea conviction of distribution of child pornography. Dessoye admitted that he distributed child pornography to a 16-year old boy in Minnesota via the Internet.

We review sentences for substantive reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We apply a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rebuttable presumption of reasonableness to a within-guidelines sentence. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). The presumption is rebutted on a showing that the sentence fails to account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Dessoye argues that we should not presume that the advisory guidelines range established by U.S.S.G. § 2G2.2 is reasonable because the Guideline is not based on empirical data and leads to sentencing disparities. As he concedes, this argument is foreclosed. *United States v. Miller*, 665 F.3d 114, 121 (5th Cir. 2011).

In addition, Dessoye argues that his sentence is substantively unreasonable in light of his age, his lack of recent or significant criminal history, and the circumstances of his offense. The record shows that the district court's decision was informed by extensive arguments by the parties, as well as a victim impact statement by the minor's father. The court made an individualized assessment of the relevant 18 U.S.C. § 3553(a) factors and selected a sentence within the advisory guidelines range while noting that the enhancements were fitting given the purposeful nature of Dessoye's behavior toward the minor. Dessoye fails to show that his within-guidelines sentence is unreasonable. *Cooks*, 589 F.3d at 186.

AFFIRMED.