# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60764
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 31, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JERMAINE SCOTT, also known as Jitty,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CR-225-1

Before HAYNES, WILLETT, and HO, Circuit Judges.

PER CURIAM:*

Jermaine Scott pleaded guilty to possession with intent to distribute 28 grams or more of cocaine base (crack) and possession with intent to distribute five grams or more of methamphetamine. He was sentenced to 188-month concurrent sentences, to be followed by five years of supervised release. Scott argues that his sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Specifically, Scott contends that his two prior controlled substance convictions used as predicate offenses for the career offender enhancement were "minor offenses" involving "street level sales." As such, Scott asserts that the 188-month sentence as a career offender "overly punishe[d]" him and that the district court abused its discretion in not imposing a below-guidelines sentence.

Scott does not dispute that his 188-month sentence was imposed within a properly calculated guidelines range. Scott fails to show that his sentence does not account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Scott's argument, which amounts to a mere disagreement with the applicable guidelines range and the sentence imposed, is insufficient to demonstrate that his 188-month sentence is substantively unreasonable. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). Scott has failed to rebut the presumption of reasonableness accorded his within-guidelines sentence, *see United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006), and therefore has not shown that the district court abused its discretion by imposing a substantively unreasonable sentence, *see Gall v. United States*, 552 U.S. 38, 51 (2007).

AFFIRMED.